Martínez et al., Peticionarios y Apelados, *v.* Martínez,
.Opositor y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla
en pleito sobre nombramiento de administrador judicial
y alimentos provisionales.

No. 1706.—Resuelto en febrero 19, 1918.

Administración Judicial — Mociones de Oposición — Alimentos Provisiona-
les—Ordenes Apelables.—Una orden desestimando la oposición al nombra-
miento de un administrador judicial es una sentencia final que pone fin a las
alegaciones de oposición así como una orden concediendo alimentos pro-
visionales dictada después de sentencia, y ambas son órdenes perfectamente
apelables de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil.

Oposición al Nombramiento de un Administrador—Apelación—Ejecución de
Sentencia—Suspensión.—*Quaere:* Cuándo se considera suspendida la eje-
cución de una sentencia durante una apelación.

Conocimiento Judicial—Autos de Otro Pleito—Enmienda.—La Corte Suprema
no tomará conocimiento judicial de otro récord más que en casos excepcio-
nales, aunque quizás permitiría, de ser procedente, que se trajera el récord
por medio de una enmienda.

Hijo Legítimo—Posesión de Bienes Hereditarios—Administración Judicial—
Pleito Ordinario.—El que un hijo legítimo esté en posesión de los bienes
del causante e impugne todos los pasos dados por otros herederos para el
nombramiento de un administrador judicial, no hace necesario que éstos re-
curran a un pleito ordinario, ni impide el nombramiento de tal administrador.

Id.—Alegaciones de la Solicitud—Relación de Bienes—Títulos de Propie-
dad—Depreciación de los Bienes.—En una solicitud sobre administración
judicial no es necesario más que una mención general de los bienes sujetos a
administración, ni que tengan que acompañarse como *exhibits* de la petición
las diferentes escrituras de propiedad.

Id.—Nombramiento de Administrador—Hijos Legítimos—Cuándo Procede.—
Cuando no existe viudo, es evidente que entre los herederos debe preferirse
generalmente el hijo legítimo a los ilegítimos; pero cuando el heredero legí-
timo está en posesión de los bienes y en la solicitud se expresa que él re-
clama como de su propiedad una parte de ellos, con exclusión de los here-
deros menores, constituye un caso excepcional en que las cortes pueden des-
viarse de la práctica.

Id.—Id.—Contestación—Confesión.—*Quaere:* Si deben o no considerarse como
admitidos los hechos de una petición, cuando la contestación es vaga, ambi-
gua y dudosa.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Víctor P. Martínez y Luis
Muñoz Morales.*

Abogados de los apelados: *Sres. Carlos Franco Soto* y *Juan B. Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los apelados en este caso solicitaron de la Corte de Distrito de Aguadilla el nombramiento de un administrador judicial y posteriormente radicaron también una petición de alimentos provisionales. La corte actuó en favor de ambas solicitudes, y la presente apelación es contra las dos órdenes dictadas en contra del opositor en la corte inferior. La petición sobre nombramiento de un administrador expresa, entre otras cosas, que Víctor Martínez y Martínez dejó bienes sujetos a partición, y luego enumera dichos bienes detalladamente. El apelante en esta corte presentó una moción solicitando que la apelación se entienda admitida para suspender los procedimientos de la corte inferior en ambos efectos.

Entre otras cosas los apelados insisten en que las órdenes de que se trata no son apelables. La orden desestimando la oposición del apelante era una sentencia final, pues ponía fin a sus alegaciones de oposición, artículo 188 del Código de Enjuiciamiento Civil, *Rivera* v. *Cámara,* 17 D. P. R. 528, *Sabater* v. *Escudero,* 23 D. P. R. 854, y la otra orden concediendo alimentos provisionales fué una dictada después de sentencia, y por tanto ambas eran apelables de acuerdo con el artículo 295 del Código de Enjuiciamiento Civil.

En 31 de mayo de 1917 el apelante radicó una solicitud para que se expidiera un auto de *certiorari,* cuyo fin era en gran parte idéntico al de la presente moción solicitando que esta apelación tenga el efecto de suspender los procedimientos (en ambos efectos). Esta corte, previa la correspondiente vista, anuló el auto. *Martínez* v. *Crosas, Juez de Distrito,* 25 D. P. R. 789. El *certiorari* fué propiamente denegado en ese caso y aunque se admitiera que cuando se hace oposición a una solicitud pidiendo un administrador judicial el caso viene a ser contencioso, y la apelación entonces debe

regirse por los preceptos de los artículos 297 y 298 del Código de Enjuiciamiento Civil, la denegatoria del *certiorari* siempre se sostendría por las razones expuestas en el último párrafo de la opinión.

Como quiera que esto sea, no podemos aplicar remedio alguno en este caso porque no se han traído en forma adecuada hechos bastantes al récord que tenemos ante nosotros. La moción del apelante expresa que la parte contraria y la corte han violado la alegada suspensión legal en varios particulares, pero la moción no ha sido jurada. Para probar tales infracciones a la suspensión, el apelante nos hace referencia a los anteriores procedimientos incluyendo el *certiorari* No. 191, que acabamos de mencionar—*Martínez v. Crosas, Juez de Distrito, supra.* Hemos resuelto varias veces que no tomaremos conocimiento judicial de otro récord más que en casos excepcionales. *Sucesión de Igaravídez et al v. Rubert Hermanos et al.,* 23 D. P. R. 293; *Aparicio Hermanos v. H. C. Christianson & Co.,* 25 D. P. R. 1. En el último de esos casos resolvimos, en efecto, que las cortes no permitirán generalmente que se traiga al récord una gran parte de los procedimientos de otro caso con el propósito de servir a los fines positivos del apelante. Aun más, en el caso de *certiorari* teníamos ante nosotros los autos originales y esos autos fueron devueltos a la corte de distrito. En un caso adecuado podríamos quizás permitir a un apelante enmendar su récord en bien de la justicia, pero no vemos razón para hacerlo así en la presente apelación, pues hemos llegado a la conclusión de que la sentencia y orden apeladas deben ser confirmadas.

Pasando ahora a los méritos de la apelación, el hecho de que un hijo legítimo esté en posesión de los bienes e impugne todos los pasos dados por otros herederos para el nombramiento de un administrador judicial, no hace necesario que los otros herederos recurran a un pleito ordinario. La posesión de los bienes y otras cosas análogas, podrán ser quizás cuestiones a resolver entre el administrador judicial y

el heredero que tiene la posesión, pero el hecho de que un heredero esté en posesión de los bienes, y niegue los derechos de los otros herederos, es justamente un caso propio para el nombramiento de un administrador judicial sujeto al control de la corte.

No emplearemos mucho tiempo estudiando la forma de la petición. Los defectos alegados no tienen importancia. Si los hechos en particular, tales como la muerte del causante, no estuvieran específicamente establecidos en la petición, ellos serían inferidos necesariamente del hecho de existir una declaratoria de herederos, defecto de fácil subsanación por enmienda, no siendo la omisión perjudicial al apelante. En otras de sus alegaciones se admite la muerte del causante. No era necesaria más que una mención general de los bienes sujetos a administración, sin que tuvieran que acompañarse como *exhibits* de la petición las diferentes escrituras.

Otras cuestiones levantadas por el peticionario no son en realidad de forma, sino sustanciales, como por ejemplo, el no haber los peticionarios alegado que los bienes habían depreciado, y otras parecidas. Algunos de los otros errores alegados han quedado resueltos por nuestra opinión en el caso de *Méndez* v. *Martínez,* No. 1686 (pág. 96).

La cuestión principal sometida a nuestra consideración es si la corte tenía facultades para nombrar un administrador judicial con exclusión del heredero legítimo. No existiendo el viudo, es evidente que entre los herederos debe preferirse generalmente el hijo legítimo a los ilegítimos. Esto es bien claro de nuestras decisiones en los casos de *Sabater* v. *Escudero,* 23 D. P. R. 854 y *Díaz* v. *Cividanes,* 23 D. P. R. 849. Sin embargo, en ambos se reserva cuidadosamente el derecho de la corte, en casos excepcionales, a desviarse de la práctica. No tenemos duda alguna de que éste era uno de esos casos excepcionales. El heredero legítimo estaba en posesión de todos los bienes. La solicitud expresa que él reclama como de su propiedad una parte de ellos, con exclusión de los

herederos menores. La oposición del apelante era a todas luces poco franca. Después de haber estado litigando tenazmente contra estos niños durante tres o cuatro años, está manteniendo que no hay tal herencia, y haciéndolo en una forma vaga y ambigua. Tan vaga y ambigua es la forma de su oposición o contestación respecto a los bienes, que es discutible si los hechos expuestos en la solicitud de los menores con relación a tales bienes, no debieran ser considerados como confesados en su perjuicio, por lo menos a los fines de este procedimiento.

Copiaremos una parte de su oposición:

"3°. Admite el hecho 3 de aquella solicitud, en tanto en cuanto no se oponga a que el pasivo del capital dejado por Víctor Martínez y Martínez y su esposa Secundina González y Gómez excedía en mucho al activo, según liquidación practicada en tiempo por cuyo motivo no dejó herencia de acuerdo con el principio que dice 'donde hay deuda no hay herencia.'

"4°. Admite que la finca de cuarenta cuerdas señalada en la solicitud con el No. 1 fuese de Víctor Martínez y su esposa, pero hoy no lo es, pues pertenece a su acreedor.

"5°. Niego que la finca marcada con el No. 2, sea de Víctor Martínez, pues hace unos ocho o diez años próximamente que dejó de ser de él y de su esposa.

"6°. Admite que la finca señalada con el No. 3, fuese de Víctor Martínez y su esposa; que en la actualidad es de su acreedor.

"7°. Admite que el crédito designado con el número 4 fuese de Víctor Martínez y su esposa; pero en la actualidad pertenece a su acreedor.

"8°. Niega e impugna que el crédito demarcado con el número 5 fuese nunca jamás de Víctor Martínez.

"9°. Niego e impugno que la finca señalada con el No. 6, de dos cuerdas cincuentisiete céntimos, haya sido nunca de Víctor Martínez.

"10°. Niega e impugna que el crédito hipotecario contra Basiliso Barrero, demarcado con el número 7, haya sido en ningún tiempo de Víctor Martínez.

"11°. Niega que el crédito hipotecario marcado con el No. 8, sea de Víctor Martínez.

"12º. Admite que el crédito hipotecario señalado con el No. 9, esté inscrito a favor de Víctor P. Martínez y González, pero tal crédito ha sido y es de la exclusiva propiedad del dicente.

"13º. Admite que la finca marcada con el No. 10 en la referida solicitud, de 5 cuerdas 47 céntimos, está inscrita a favor del dicente y de su esposa doña Milagros de los Ríos y Avila; pero en la actualidad es de don Juan Antonio Medina.

"14º. Admite que la finca demarcada con el No. 11, de 77 cuerdas, del barrio de Culebrina, fué en un tiempo del dicente Víctor P. Martínez y su esposa Milagros de los Ríos Avila; pero en la actualidad es de don Juan Antonio Medina.

"15º. Admite que la finca señalada con el No. 12, está inscrita a favor del dicente; pero es de su exclusiva propiedad.

"16º. Admite que la finca señalada con el No. 13, de 14 cuerdas, está inscrita a favor del relatante, pero es de su exclusiva propiedad.

"17º. Admite que la casa designada en aquella solicitud bajo el No. 14, ha sido de la exclusiva propiedad del dicente, pero en la actualidad es de don Agustín Martínez.

"18º. Admite que el crédito hipotecario contra Claudina Jiménez, señalado con el No. 15, está inscrito a favor del dicente, pero es de su exclusiva propiedad."

Es irrazonable suponer que no hay tal herencia después de tan tenaz oposición, y sin embargo, aquí tenemos al mismo hijo legítimo que la hace negando su existencia. Además, el referirse al hecho de que una propiedad pertenece al acreedor, no constituye en manera alguna una contestación a las afirmaciones de la solicitud. La corte inferior dijo:

"Por cuanto, hallándose los bienes de la herencia en poder del heredero legítimo Víctor P. Martínez y González, no constando que se haya hecho división alguna de la mencionada herencia, lo que es contrario al derecho de los demás herederos Pedro Angel y Laura María Martínez y Méndez, quienes no están disfrutando parte alguna de dichos bienes ni de sus productos, haciéndose por consiguiente necesaria la administración judicial de los referidos bienes.

"Por cuanto, don Víctor P. Martínez y González, opositor en el presente caso, no solamente ha venido oponiéndose de una manera

tenaz al pleito principal sobre reconocimiento de hijos naturales, sino que además ha hecho oposición también en las incidencias del mismo, tales como declaratoria de herederos y nombramiento de administrador judicial, circunstancias éstas que no le hacen recomendable para ejercer el cargo de tal administrador judicial de los bienes de la herencia.''

El apelante, a pesar del hecho de que los menores tienen derecho a una parte del caudal de su padre natural, como fué declarado por las cortes de Puerto Rico, ha venido poniendo al disfrute por ellos de una parte del mismo todos los obstáculos que como hombre y abogado ha podido imaginar; y como hemos dicho, de la manera más desingenua, si es que las constancias del récord son ciertas y como la corte inferior las creyó. No nos referimos en particular a su propósito de impedir que estos niños sean declarados herederos, sino más bien al aparentemente injustificado propósito, que aparece en los autos, de negar la existencia de un caudal hereditario. Esta actitud por sí sola constituye el caso excepcional a que se refieren nuestras decisiones. No debe confiársele la administración de una herencia a quien, mediante alegaciones tan vagas, evasivas y frívolas trata de negar la existencia de tal herencia.

No encontramos razones para anular las órdenes de la corte inferior, y ellas deben ser confirmadas.

*Confirmadas las órdenes apeladas.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.