CRUZ ET AL., DEMANDANTES Y APELADOS, *v.* QUIÑONES, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre filiación (memorándum de costas).

No. 3049.—Resuelto en noviembre 30, 1923.

HONORARIOS DE ABOGADO— TRANSCRIPCIÓN— DISCRECIÓN JUDICIAL— MEMORÁNDUM DE COSTAS.—Cuando la transcripción en una apelación de la resolución al memorándum de costas no contiene las alegaciones ni la prueba, el Tribunal Supremo no puede resolver si la corte inferior abusó de su discreción a menos que la suma concedida fuese manifiestamente excesiva; y no parece serlo una sentencia de $600 para honorarios de abogado en un luchado pleito de filiación.

ID.—CONOCIMIENTO JUDICIAL DE RÉCORDS DE LA CORTE DE APELACIÓN.—Generalmente la Corte Suprema no tomará conocimiento judicial de una apelación anterior para suplir deficiencias en el récord de otra apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. P. Fajardo Martínez.*

Abogado de los apelados: *Sr. L. Torres Grau.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este fué un caso en el cual la Corte de Distrito de Ponce declaró que los demandantes eran los hijos naturales del demandado. La sentencia fué apelada y confirmada. Esta apelación se refiere a un memorándum de costas. Sostiene el apelante que la concesión de la suma de $600 para honorarios de abogado es excesiva, pero admite, por supuesto, que la concesión de honorarios de abogados es cosa que está dentro de la sana discreción de la corte.

En los autos sometidos a nuestra consideración no se han certificado a este tribunal ni las alegaciones, ni la prueba aducida al juicio. No tenemos, por tanto, datos suficientes para investigar sobre la cuestión de si la corte inferior abusó de su discreción. Hemos resuelto bajo estas condiciones, que a menos que resulte que la suma concedida fuese excesiva para cualquier caso de su clase, no estábamos en condiciones de poder revisar. *Preston* v. *Vázquez,* 31 D. P. R. 889; *Lassalle* v. *Hill,* 29 D. P. R. 503. Esta concesión de honorarios de abogado en una acción de filiación que fué muy luchada no parece ser excesiva.

La única cosa que distingue este caso de los anteriores es que el apelante llama la atención a la primera apelación y nos pide que tomemos conocimiento judicial de los autos en ella. Por regla general la corte no tomará conocimiento de una apelación anterior para un fin afirmativo de un apelante. *Aparicio Hnos.* v. *H. C. Christianson & Co.,* 25 D. P. R. 1. No vemos ninguna razón para hacer una excepción, especialmente toda vez que no consta que el apelante notificara en alguna forma a los apelados de que él se proponía basar su derecho en los autos anteriores. Para que se vea lo necesario que puede llegar a ser tal notificación, y suponiendo que ciertamente tomamos conocimiento judicial del récord anterior, sin embargo, tal récord podría no contener todos los elementos que la corte inferior tuvo ante sí para juzgar sobre el trabajo del abogado de los apelados. En la apelación anterior los autos se limitaron a los

errores alegados. No podríamos decir cuantas alegaciones suprimidas había, o qué trabajo *extra* había tenido el abogado debido a las supuestas defensas o posibles demoras. Los apelados debieron, en todo caso, haber tenido una oportunidad de reproducir la situación como ocurrió en la corte inferior.

Debe confirmarse la resolución apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.