PORTO RICO FERTILIZER COMPANY, peticionaria, *v:* LA CORTE DE DISTRITO DE HUMACAO, HON. GABRIEL CASTEJÓN, JUEZ, demandada.

No. 693.—*Sometido:* Febrero 10, 1930. *Resuelto:* Abril 11, 1930.

*Dubón & Ochoteco,* abogados de la peticionaria; *A. Arroyo Rivera,* abogado de la demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

De la petición de auto de *certiorari,* de los autos, y de dos certificaciones presentadas, aparece:

Que ante la Corte de Distrito de Humacao siguió Stubbe Brothers, Incorporated, una acción civil contra José Agustín

Díaz, en cobro de una cantidad, que según la petición de *certiorari* es de $4,432, aunque luego aparecen otras sumas; el pleito tiene el número de orden 11954, en esa corte.

Que en el aludido pleito se embargó al demandado una plantación de caña de azúcar, en vía de aseguramiento, y que se amplió el embargo, y se nombró un administrador, que fué Don Antonio Roig; éste se hizo cargo de la plantación, atendió a obtener la molienda, y como producto de ella depositó en corte $9,176,07, líquido obtenido.

Que en el mismo caso civil que se cita la corte dictó sentencia contra el demandado, en fecha 1 de julio de 1929, condenándole a pagar a Stubbe Bros., Inc., la suma de $2,088.66 (dos mil ochenta y ocho dollars y 66 centavos), intereses al 12 por 100 anual, $233.28 (doscientos treinta y tres dollars y veintiocho centavos) por ciertos implementos comprados, $300 (trescientos dollars) por honorarios de abogado, y las costas; sentencia que se notificó a las partes, apelando ambas.

Que ante la Corte de Distrito de San Juan y bajo el número 8177, siguió J. C. Manrique otro pleito contra José Agustín Díaz, en cobro de cantidad; y en período de ejecución de sentencia el Márshal de la Corte de Distrito de Humacao reembargó sobre la suma de $9,176.07, que tenía embargada Stubbe Bros., Inc., en lo necesario hasta $785.61 por principal y $152.94, por intereses y costas, notificándose al Secretario de la Corte de Distrito de Humacao, quien expidió *check* por $938.55 para cumplimiento de aquella sentencia.

Que Salvador L. Rocafort siguió ante la Corte de Distrito de Humacao un pleito civil, No. 14436, contra José Agustín Díaz sobre cobro de cantidad y en dicho pleito y para asegurar la efectividad de sentencia la corte dictó resolución decretando un embargo por $2,237.45 sobre los $9,176.07 depositados en la secretaría por el administrador judicial en el caso civil 11954, notificándose el embargo al secretario de la corte.

Que en el caso civil 10225 seguido por la Porto Rico Fertilizer Co., demandante, v. José Agustín Díaz, en la Corte de Distrito de San Juan, en 1 de agosto de 1929 y en aseguramiento de sentencia el márshal de la Corte de Distrito de Humacao embargó la suma de $2,165.75, parte de la de $9,176.07, depositada, como antes se ha dicho, notificándose el embargo al Secretario de la Corte de Distrito de Humacao y apercibiéndose por el márshal al secretario de que la notificación se hacía para que en caso de que se transigiera el embargo trabado por Stubbe Brothers en el pleito 11954 quedara subsistente el trabado por la Porto Rico Fertilizer Co. en el pleito civil No. 10225 que se seguía ante la Corte de Distrito de San Juan.

Que la Porto Rico Fertilizer Co. ante la Corte de Distrito de San Juan siguió pleito contra Salvador L. Rocafort, haciendo negocios bajo la denominación de S. L. Rocafort & Co., y en él procedió a embargar por vía de aseguramiento de sentencia todos los derechos y acciones del demandado Salvador L. Rocafort en el caso No. 14436, Corte de Distrito de Humacao, pleito seguido por el dicho Rocafort contra José Agustín Díaz, notificándose dicho embargo al Secretario de la Corte de Distrito de Humacao y a Salvador L. Rocafort y tomándose razón con nota escrita por el secretario en los autos del caso *Salvador L. Rocafort* v. *Agustín Díaz*, No. 14436, en fecha 9 de agosto de 1929.

Que Stubbe Brothers y José Agustín Díaz en el caso civil No. 11954 antes citado, radicaron una estipulación permitiendo al demandado prestar fianza por la suma de $7,000 para levantar el embargo trabado en aquel caso y que la corte, por su juez, Hon. Gabriel Castejón, resolvió aprobando la estipulación y la fianza y ordenando el levantamiento del embargo trabado por la suma de $5,500 y su ampliación por $2,000, quedando el dinero embargado a la libre disposición del demandado Díaz. Y en el caso civil 14436 de la misma corte, *Salvador L. Rocafort* v. *José Agustín Díaz*, el deman-

dante Rocafort en 4 de diciembre de 1929, la misma fecha de la estipulación antes mencionada, presentó una moción allanándose a que se levantara el embargo y el dinero fuera entregado. Y que en consecuencia el Secretario de la Corte de Distrito de Humacao entregó a José A. Díaz, demandado en estos casos, un cheque por la suma de $8,090.87, haciéndose constar tal embargo de puño y letra del secretario en el pleito 11954.

██ Ahora la parte peticionaria sostiene que la Corte de Distrito de Humacao al dictar la orden de entrega del dinero a José Agustín Díaz procedió sin jurisdicción para ello y que habiéndosele embargado por la peticionaria Porto Rico Fertilizer Co. la suma depositada por el administrador en el caso No. 11954, hasta la cantidad de $2,165.75, no debió dictarse aquella orden sin previa notificación a la Porto Rico Fertilizer Co. para ser oída en tal procedimiento de levantamiento de embargo; que la orden es nula y por ella se privó a la peticionaria de su derecho constitucional a tener un día en corte y que la peticionaria tenía embargado todo interés, derecho y acción que tuviera Salvador L. Rocafort en la suma antes expresada y como consecuencia del caso seguido contra José Agustín Díaz, civil 14436, de Humacao, y el allanamiento de Rocafort a que se leventara el embargo no era suficiente para ello si no mediaba el consentimiento de la peticionaria.; que la fianza es nula y carece de valor ya que los fiadores por ella se obligan solamente a responder a Stubbe Brothers, Inc., por la cantidad de $7,000, no estando, por tanto, comprendido en tal fianza el embargo trabado por la Porto Rico Fertilizer Co. en el caso 10225 en cuanto a la suma de $2,165.75 y no respondiendo tampoco el embargo trabado por Salvador L. Rocafort en el caso 14436, en el que hizo reembargo la peticionaria.

Se presenta ahora a nuestra consideración un primer problema, que puede formularse así: ¿Tiene la corte conocimiento judicial de ·la existencia de los embargos practicados por la peticionaria?

En los autos del caso civil No. 14436, Corte de Distrito de Humacao, *Salvador L. Rocafort* v. *José Agustín Díaz,* aparece una notificación hecha por el Márshal de la Corte de Distrito de Humacao Rafael Mas, al Secretario de la misma corte, en 9 de agosto de 1929, y radicada por el Secretario en la misma fecha, que acredita que Porto Rico Fertilizer Co., en el pleito civil No. 10226, de la Corte de Distrito de San Juan, *Porto Rico Fertilizer Co.* v. *S. L. Rocafort ctc.,* ha embargado todo derecho y acción que pueda tener el demandado en el caso *S. L. Rocafort y Co.* v. *Agustín Díaz,* de la Corte de Distrito de Humacao, por $2,165.75, y ordenándole que la retenga a disposición del demandante en aquel caso 10227.

De las certificaciones libradas por el Secretario de la Corte de Distrito de San Juan, aparece también que el Secretario de la Corte de Distrito de Humacao fué notificado de los embargos de Porto Rico Fertilizer Co.

Pero no resulta que el juez, la corte de distrito, tuviera conocimiento de la existencia de esos embargos.

Como regla general puede copiarse aquí a Wigmore en cuya obra sobre evidencia encontramos lo que sigue:

"2579. Idem: (2) AUTOS DE LOS PROCEDIMIENTOS. Los procedimientos ante una corte los constituyen los autos (*records*), y esta palabra originalmente tomó su nombre de la memoria judicial (*recordari*) que podía ser invocada para anular procedimientos anteriores. No obstante, hoy en día parece poco razonable, teniendo en cuenta el principio general de conocimiento judicial (*ante,* §2565), afirmar que existe verdadero conocimiento judicial de determinados litigios anteriores (toda vez que generalmente no son ni notorios, ni el juez está en el deber de tener conocimiento de ellos), o esperar que la corte examine todos los autos a fin de informarse a sí misma. Igualmente puede decirse en términos generales que una corte no está obligada por regla alguna a tomar conocimiento judicial del tenor de *ningunos procedimientos legales* (a no ser de aquéllos que se están tramitando de momento ante ella). En realidad todo esto es asumido por las reglas de derecho que exigen que los autos originales de un procedimiento judicial sean presentados como prueba y

que definen las excepciones a virtud de las cuales se permite la presentación de una copia en lugar de los mismos (*ante*, §§1215, 1216).

Sin embargo, por razones de conveniencia cuando no es probable que surja una controversia y los gastos en que se incurriría para obtenerse una copia estén fuera de proporción, con frecuencia se hallan cortes que toman conocimiento judicial del tenor o efecto de parte de un procedimiento judicial, sin exigir la presentación formal de prueba. Puede verse poca uniformidad toda vez que esta dispensa no es obligatoria para la corte, y ya que depende más o menos de la notoriedad y certeza prácticas del hecho, de acuerdo con las circunstancias de cada caso. Con frecuencia se hace con parte de los autos en el *mismo procedimiento*, o en *un estado anterior de la misma controversia;* con menos frecuencia se hace con los autos de un *litigio distinto*, especialmente cuando éste se tramita en otra corte.'' Wigmore on Evidence, Tomo 5, Pág. 593.

El tratadista cita varios casos de distintos Estados, unos en pro de la regla estricta, y otros en los que ha existido una interpretación liberal. Aunque se cita en este sentido el caso *Gay* v. *Gay*, 146 Cal. 237, 79 Pac. 885, vemos que en este caso si se hizo interpretación liberal de la regla, no lo fué hasta el extremo de constituir una fuerte excepción. La corte dijo:

''Y, podría decirse de paso que esta corte tomará conocimiento judicial de procedimientos celebrados ante ella en este caso que demuestran que la querellada ha tratado, con la aparente buena fe con que la corte halló que ella había actuado al interponer su recurso de apelación, de que se resolviera su pliego de excepciones para ser usado para todos los fines en que pudiera serle útil. . .''

Aunque en otro terreno, la opinión y decisión en el caso *Sewell* v. *Johnson*, Cal., 134 Pac. 704, es de importancia en el que resolvemos. El apelado en *Sewell* v. *Johnson* arguyó que la corte no podía tener conocimiento de la revocación de una sentencia en un caso ante la misma corte, no apareciendo nada en el récord para demostrar que la sentencia revocada fuera la misma en que se apoyaba el apelado en su demanda en la corte inferior. En la opinión se dice:

''La regla de que la facultad de una corte para considerar en una

apelación pendiente solamente cuestiones que aparecen de los autos no es de aplicación universal ni está la corte siempre limitada en la consideración y disposición de tal recurso a los autos que tiene ante sí. Por el contrario, con frecuencia surgen cuestiones posteriores a una apelación que pueden ser traídas ante la corte mediante prueba que no consta en los autos y que será considerada y apreciada al resolver la apelación. Un ejemplo familiar ocurre cuando después de apelarse de una sentencia se concede un nuevo juicio en la corte superior, o cuando después de entablarse el recurso de apelación se desprende a virtud de determinadas circunstancias o hechos ocurridos posteriormente que la tramitación ulterior del caso envuelve solamente una cuestión académica. En ambos casos al demostrarse debidamente lo que ocurre, necesariamente con prueba que no consta en autos, la corte superior desestimará las apelaciones. Lo mismo sucedería cuando un estatuto penal en que se basa una sentencia es derogado mientras está pendiente la apelación, o cuando la jurisdicción de la corte de apelaciones para tomar conocimiento de un recurso de apelación depende de un estatuto que es derogado mientras está pendiente el recurso. En ambos casos la apelación debe ser desestimada. Podrían citarse otras circunstancias en que las cortes actúan al resolver apelación pendiente sobre cuestiones que no aparecen de los autos de determinado caso y que ocurren con posterioridad a la interposición del recurso y que solamente son traídas a la atención de la corte, haciéndose la correspondiente indicación, o a virtud de procedimientos independientes de los autos.''

En esta jurisdicción, en el caso *Martínez* v. *Martínez*, 26 D.P.R. 156, confirmando la doctrina de los casos *Sucesión de Igaravídez et al.* v. *Rubert Hermanos et al.*, 23 D.P.R. 293, y *Aparicio Hermanos* v. *H. C. Christianson & Co.*, 25 D.P.R. 1, se dijo:

''Hemos resuelto varias veces que no tomaremos conocimiento judicial de otro récord más que en casos excepcionales.''

Y en *Cruz et al* v. *Quiñones*, 32 D.P.R. 574, se ha dicho:

''Por regla general la corte no tomará conocimiento de una apelación anterior para un fin afirmativo de un apelante.''

Pudo obtenerse en el caso que estudiamos el que la Corte de Distrito de Humacao tuviera conocimiento exacto de la situación a fin de que, en su oportunidad, pudiera llamar a

Porto Rico Fertilizer Co. para oírla en cuanto a los embargos. No bastaba con el conocimiento del secretario, siquiera éste pudiera hacer algo en el sentido de llamar la atención de la corte al hecho de que los fondos estaban en su custodia, y posiblemente sujetos a otra disposición. Pero no aparece que la corte, como tal entidad, y dentro del pleito, tuviera conocimiento de los hechos y resoluciones de otro pleito, ni que la parte interesada llamara la atención de la corte a tal situación.

No es necesario aquí resolver en cuanto a otros extremos que pudieran ser considerados, ya que el que hemos estudiado es suficiente para determinar en el caso.

*Debe anularse el auto expedido, declarándose sin lugar la petición de* certiorari.