GUZMÁN, APELANTE, *v.* VIDAL, APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 915.—Resuelto en junio 25, 1913.

VIOLACIÓN—ACCIÓN DE DAÑOS Y PERJUICIOS—SUFICIENCIA DE LA DEMANDA—CONVICCIÓN DEL OFENSOR.—Para ejercitar la acción de indemnización de daños y perjuicios por el delito de violación no es necesario que el ofensor haya sido declarado culpable del mismo y por lo tanto es suficiente una demanda que alega la comisión del delito sin expresar que el ofensor ha sido juzgado y convicto.

ID.—ACCIÓN CIVIL Y ACCIÓN CRIMINAL.—El ejercicio de la acción civil de daños y perjuicios por el delito de violación no está subordinado a la acción criminal, sino que ambos son completamente independientes y subsisten separadamente.

ID.—OBLIGACIONES NACIDAS DE DELITOS O FALTAS—LEY QUE LAS REGULA.—Desde que fué enmendado por ley de marzo 10, 1904, el artículo 1059 del Código Civil revisado, las obligaciones civiles nacidas de delitos o faltas se rigen, por analogía, por las disposiciones del artículo 1803 de dicho Código Civil.

PRESCRIPCIÓN—ACCIÓN DE DAÑOS Y PERJUICIOS POR VIOLACIÓN.—La acción de daños y perjuicios por violación prescribe en el término de un año por serle de aplicación los preceptos del artículo 1869 del Código Civil revisado.

Los hechos están expresados en la opinión.

Abogados del Apelante: *Sres. Iriarte Hermanos.*

Abogado del apelado: *Sr. Rafael F. Ferrer.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 31 de enero del año próximo pasado, Carmen Guzmán, representada por los abogados Iriarte Hermanos, presentó demanda a la Corte de Distrito del Distrito Judicial de San Juan, Sección 1ª., contra Teodoro Vidal en reclamación de la suma de $10,000 por daños y perjuicios y al efecto alega como fundamento de su acción los siguientes hechos:

*Primero.* Que la demandante era una mujer soltera, casta y virtuosa en la fecha en que se originó la acción.

*Segundo.* Que en 15 de mayo de 1909 y en una casa del barrio de Puerta de Tierra, el demandado Teodoro Vidal, conocido por Lolo atacó violentamente a la demandante en forma muy indecente y allí y entonces, valiéndose de sus fuerzas la deshonró inicuamente, violándola y obligándola por la fuerza a realizar actos carnales con él.

*Tercero.* Que desde dicho día la demandante quedó embarazada como consecuencia de los actos carnales tenidos con el demandado y permaneció así durante algunos meses al cabo de los cuales, en 15 de diciembre del año expresado, tuvo un niño al que se le puso el nombre de Angel Manuel.

*Cuarto.* Que durante el estado de embarazo y como consecuencia de ese estado, la demandante sufrió grandes enfermedades de las cuales curó milagrosamente.

*Quinto.* Que como resultado de los hechos expuestos, la demandante ha sufrido y sufre grandes dolores morales por la pérdida de su virginidad, pureza y buena reputación, y ha sufrido y sufre daños que estima en la suma de $10,000.

A la anterior demanda opuso el demandado Vidal como excepciones previas las de que no aduce hechos suficientes

para determinar una causa de acción y de que aun declarando sin lugar dicha excepción, la demandante no tiene derecho a reclamar por haber prescrito su causa de acción de acuerdo con lo estatuído en el apartado 2º. del artículo 1869 del Código Civil y 1870 del mismo cuerpo legal en relación con lo establecido en el 37 del Código de Enjuiciamiento Civil.

La corte declaró con lugar la excepción general de insuficiencia de hechos para determinar una causa de acción y en su consecuencia desestimó la demanda sin especial condena de costas, por sentencia de 13 de mayo de 1912, registrada dos días después, contra cuya sentencia interpuso la representación de la demandante recurso de apelación para ante esta Corte Suprema.

Fúndase la sentencia recurrida en que la ley aplicable al caso es el artículo 192 del Código Civil Revisado, según el cual, para que sea exigible indemnización por delito de violación es requisito necesario que el responsable haya sido sentenciado por dicho delito, lo que no se alega en la demanda y en que el Código Civil no contiene ningún otro precepto que autorice aquella indemnización, por no ser aplicable al caso el artículo 1803 del código citado.

El artículo 135 del Código Civil español que rigió en Puerto Rico hasta 1º. de julio de 1902, después de fijar dos casos en que el padre está obligado a reconocer al hijo natural concluye disponiendo que *en los casos de violación, estupro o rapto se estará a lo dispuesto en el Código Penal en cuanto al reconocimiento de la prole.*

El artículo 468 del Código Penal aludido dice así:

"Artículo 468.—Los reos de violación, estupro o rapto, serán también condenados por vía de indemnización:

"1. A dotar a la ofendida, si fuere soltera o viuda.

"2. A emanciparla si estuviere en su servidumbre.

"3. A reconocer la prole, si la calidad de su origen no lo impidiere."

El Código Civil español fué reemplazado por el Código

Civil Revisado y éste no contiene el precepto transcrito del artículo 135 de aquel código, sino el siguiente, bajo el artículo 192 que copiamos a continuación:

"En los casos de violación, estupro o rapto el reo sentenciado por cualquier de dichos delitos contraerá la responsabilidad de indemnizar en la siguiente forma:

"1. Deberá dotar a la ofendida si fuere soltera o viuda.

"2. Deberá reconocer la prole que resultare."

Ese artículo estuvo en vigor hasta que fué aprobada en 9 de marzo de 1911, la Ley No. 73 para enmendar los capítulos 3°. y 4°. del Título VII, libro 1°. del Código Civil, comprendiendo los artículos 187 y siguientes hasta el 197 del mismo código, por cuya ley fué suprimido en absoluto el precepto del artículo 192. Pero su derogación no pudo perjudicar los derechos que pudieran asistir a la demandante por un hecho realizado en fecha anterior, con sujeción al artículo 3°. del mismo código.

Dicho artículo 192 no puede tener más alcance que el de su texto literal, esto es, que en los casos de violación, estupro o rapto, el reo sentenciado por cualquiera de dichos delitos contraerá las responsabilidades fijadas. No dice si, además de tales responsabilidades pueden exigirse otras, ni preceptúa cuándo y en qué forma debe ejercitarse la acción civil para obtenerlas, ni menos prohibe ejercitarla sin perseguir en el orden criminal el delito que las origine y sin obtener antes sentencia condenatoria contra el reo.

Ni era posible que la legislatura estableciera como exclusivas las responsabilidades de que se deja hecho mérito, pues contrayéndonos al delito de violación, éste puede traer como consecuencia, no sólo la pérdida del honor sino lesiones a la mujer agraviada, aparte de los sufrimientos morales y enfermedades que también pueden ser causa de indemnización. Además, el artículo 192 se limita a dar indemnización a la ofendida por medio de dote si fuere soltera o viuda y nada provee

para el caso de que se tratare de mujer casada, la cual, lo mismo que la soltera o la viuda, debe tener derecho a alguna indemnización. La responsabilidad de indemnizar en casos de violación, establecida por el artículo 192, no es la única exigible sino que puede haber otras responsabilidades exigibles al ofensor, sin que sea condición precisa que se le juzgue y condene antes por dicho delito, pues esa condición previa estaría en contradicción abierta con el artículo 2°. del Código de Enjuiciamiento Civil, el cual ordena, que cuando la violación de un derecho permita el ejercicio de ambas acciones, la civil y la criminal, el derecho de ejercer la una no impide el derecho de ejercitar la otra. Al ejercicio de esa acción no pueden oponerse más limitaciones que las expresamente estatuídas por la ley.

La demanda, pues, no es defectuosa por falta de la alegación de haber sido sentenciado el demandado por delito de violación y contiene todos los hechos necesarios para constituir la causa de acción a que se refieren los artículos 1059 y 1803 del Código Civil Revisado.

El artículo 1059 del Código Civil Revisado estaba redactado primitivamente en el sentido de que las obligaciones civiles que nacen de los delitos o faltas se regirán por las disposiciones del Código Penal, pero por la Ley de 10 de marzo de 1904 quedó enmendado en la siguiente forma:

"Artículo 1059.—Las obligaciones civiles nacidas de los delitos o faltas se regirán por las disposiciones de este código."

Dicho código en su artículo 1803 dice:

"El que por acción u omisión causa daño a otra persona interviniendo culpa o negligencia, está obligado a reparar el daño causado."

Al resolver èl caso de *Zalduondo* v. *Sánchez,* 15 D. P. R., 231, en que se reclamaba a Sánchez por Zalduondo indemnización de daños y perjuicios por agresión, considerando alega-

ción hecha por el demandado de que no existe en Puerto Rico
la acción civil establecida por el demandante, dijimos:

"El Código Penal que rigió en esta Isla hasta el 1 de julio de
1902, establecía en su artículo 16, que toda persona responsable
criminalmente de un delito o falta lo era también civilmente, y en
su artículo 119, al especificar los extremos que comprendía la res-
ponsabilidad civil, enumera la indemnización de perjuicios."

Conforme con esos preceptos, la Ley de Enjuiciamiento
Criminal que rigió hasta la misma fecha anteriormente expre-
sada, prescribía en su artículo 100, que de todo delito o falta
nace acción penal para el castigo del culpable y puede nacer
también acción civil para la restitución de la cosa, la repara-
ción del daño y la indemnización de perjuicios causados por
el hecho punible.

Ordinariamente la acción civil y la penal se ejercitaban
conjuntamente con arreglo a los artículos 108 y 650 de la
misma ley; pero el artículo 111 reconocía el derecho de ejer-
citarlas junta o separadamente aunque con la limitación de
que mientras estuviese pendiente la acción penal, no se ejer-
citaría la civil con separación hasta que aquélla hubiera sido
resuelta en sentencia firme, salvo siempre lo dispuesto en los
artículos 4, 5 y 6 de la propia ley.

Como se ve, la acción civil, para obtener la reparación de
daños y la indemnización de perjuicios derivados de un hecho
delictivo, era reconocida por el Código Penal y el de Enjuicia-
miento Criminal que rigieron hasta el día 1°. de julio de 1902,
y esa misma acción era reconocida por el artículo 1902 del
Código Civil antiguo, concordante con los 1089 y 1092 del
mismo código.

En nuestro estado de derecho la acción penal y la civil
evenientes de un delito son completamente independientes y
nunca pueden ejercitarse conjuntamente. Sólo el Fiscal
puede ejercitar la acción penal y el ejercicio de la acción civil
correspondiente queda reservado a la parte interesada en el
juicio que proceda.

La existencia de ambas acciones está reconocida por el artículo 2º. del Código de Enjuiciamiento Civil, que dice así:

"Cuando la violación de un derecho permita el ejercicio de ambas acciones, la civil y la criminal, el derecho de ejercer la una no impide el derecho de ejercer la otra."

Los artículos 1089, 1092 y 1902 del Código Civil antiguo han sido reproducidos en el revisado con los números 1056, 1059 y 1803.

Por consiguiente, tanto según la legislación antigua como según la que actualmente rige, cuando una persona es violentamente acometida sin que se justifique tal ataque o sin mediar provocación, es evidente que tal persona tiene derecho a establecer una acción civil por cualesquiera daños o perjuicios que pudieran sobrevenirle.

Entonces dejamos establecido que la acción civil para obtener la reparación de daños y la indemnización de perjuicios había sido reconocida por los artículos 1056, 1059 y 1803 del Código Civil Revisado. Esa doctrina es aplicable al presente caso, pues no encontramos razón alguna que nos induzca a anularla o modificarla.

Y al interpretar el artículo 1803 del Código Civil Revisado en los términos en que lo hemos hecho, dimos aplicación al artículo 1059 del Código Civil Revisado tal como quedó enmendado por la ley de 10 de marzo de 1904 y que en esa forma no existía en el Código Civil español.

La Legislatura sabía que había obligaciones civiles provenientes de delitos o faltas como no podía menos de reconocerlo y a falta de preceptos del Código Penal vigente que regularan esas obligaciones, ordenó que se regularan por las disposiciones del Código Civil Revisado.

Esta Corte Suprema en el caso de *Zalduondo* v. *Sánchez* hizo aplicación del artículo 1803 del Código Civil Revisado para no dejar burlado el propósito de la Legislatura, pues por más que entiende con el ilustrado comentarista Sr. Manresa, que el artículo 1902 del Código Civil español del cual es

reproducción el 1803 del revisado, se refería al que por acción u omisión causara daño interviniendo culpa o negligencia no delictivas, opinó que el artículo 1803 del revisado debía aplicarse también al caso en que el daño se causara por medio de delito o falta penados por la ley por haber desaparecido del Código Revisado el artículo 1059, preceptivo, de que las obligaciones civiles procedentes de los delitos o faltas se regirían por las disposiciones del Código Penal, siendo sustituído por otro, en que se ordena, que esas mismas obligaciones se regulan por las disposiciones del Código Revisado.

Las disposiciones del Código Civil Revisado no pueden ser otras que las contenidas en el artículo 1803 que dejamos transcrito y del que hemos hecho aplicación, por cuanto el fundamento de la responsabilidad proveniente de culpa o negligencia no delictivas y la derivada de delitos o faltas es el mismo.

Ese fundamento por lo que toca a las obligaciones derivadas de culpa o negligencia lo describe el Sr. Manresa en los siguientes términos, al comentar el artículo 1902 del Código Civil español equivalente al 1803 del revisado:

"Fúndanse dichas obligaciones en un principio indiscutible de justicia, reconocido por todas las legislaciones, y sancionado por el primero de los artículos de este capítulo, según el que todo agravio, todo daño o perjuicio que reciba una persona en sus derechos, ya sea por acción, ya por omisión, crea una relación jurídica de la que se deriva el derecho que tiene el agraviado a ser indemnizado, y la obligación consiguiente por parte del agraviante."

Tal fundamento es también el de las obligaciones nacidas de delito o falta.

También en el caso de *Díaz* v. *The San Juan Light and Transit Co.,* 17 D. P. R., 69, reprodujimos la misma doctrina en los siguientes términos:

"Si bien el artículo 1803 del Código Civil Revisado es igual al 1902 del Código Civil español, a virtud del cambio político operado en esta Isla, y a consecuencia de la implantación del nuevo sistema

penal, sus preceptos tuvieron y tienen un campo de aplicación más amplio y sirven de base tanto al ejercicio de las acciones civiles provenientes de culpa y negligencia cuasi-delictivas, como al ejercicio de las que se originan de culpa y negligencia delictivas.''

Y ahora cabe preguntar, ¿ha prescrito la acción de daños y perjuicios que se ejercita en virtud del artículo 1869 del Código Civil?

Ese artículo dice así:

''Artículo 1869.—Prescriben por el trancurso de un año:
''1ª. La acción para recobrar o retener la posesión.
''2ª. La acción para exigir la responsabilidad civil por injuria o calumnia y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1803, desde que lo supo el agraviado.''

Hemos dejado establecido, haciendo aplicación del artículo 1059 del Código Civil Revisado enmendado por la ley de 10 de marzo de 1904, que el artículo 1803 de dicho código se refiere generalmente a las obligaciones derivadas de culpa o negligencia, sean éstas delictivas o no; y siendo ello así, surge como consecuencia lógica que la acción civil proveniente del delito de violación es de las sujetas al término de un año de prescripción marcado por el artículo 1869.

El delito de violación en que se funda la acción de daños y perjuicios ejercitada por el demandante tuvo ejecución en 15 de mayo de 1909, habiéndose registrado la demanda en 31 de enero de 1911.

Por los fundamentos expuestos llegamos a la conclusión de que si bien los hechos consignados en la demanda determinan una causa de acción de daños y perjuicios, esa acción ha prescrito por el transcurso del tiempo señalado por la ley para su ejercicio.

La sentencia debe confirmarse en cuanto desestima la demanda, sin especial condena de costas.

*Confirmada.*

Jueces concurrentes : Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.

Presentada moción de reconsideración, fué retirada más tarde.