NEFTALÍ TORO LUGO ET AL., demandantes y recurridos, *v.* MIGUEL A. ORTIZ MARTÍNEZ ET AL., demandados y peticionarios.

*Número:* O-76-216     *Resuelto:* 29 de septiembre de 1976

*Vicente Santori Coll* y *Jaime Sifre Rodríguez,* abogados ·de los peticionarios; *Pérez Ferrari & Pérez Cruz,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Los hechos probados en una causa penal, aun cuando no son concluyentes al punto de excluir su relitigación en la acción civil de daños y perjuicios originada de aquéllos, constituyen evidencia prima facie de su existencia, admisible en el pleito civil.

El demandante recurrido Toro Lugo fue convicto en juicio criminal por infracción de la Sec. 5-201 de la Ley de Tránsito, en cuya denuncia se le imputó negligencia en la conducción de un vehículo de motor que chocó contra un camión debidamente estacionado al que causó extensos daños. Una sala de lo criminal del Tribunal Superior le impuso pena de $100 de multa que el acusado satisfizo. Ha presentado demanda civil contra el dueño del camión y su aseguradora alegando que el camión se hallaba mal estacionado, desprovisto de luces y obstruyendo el carril del demandante; que éste sufrió como consecuencias del accidente "laceraciones y contusiones", daños a su propiedad, sufrimientos morales, pérdida de ingresos y gastos médicos por los que él y su familia reclaman unos $232,000. Contra la demanda formularon los demandados moción de sentencia sumaria fundada en que la sentencia en el referido caso criminal resolvió el conflicto de prueba y adjudicó la credibilidad en forma adversa al ahora demandante y entonces acusado quien debe estar impedido de litigar nuevamente la cuestión de negligencia; y dos requerimientos de admisiones en que exigen del demandante que admita o niegue tres párrafos relativos a los testigos utilizados por el fiscal y la defensa en el caso criminal, así como otros que aunque disponibles, no fueron llamados ni gestionados por el acusado; y que admita o niegue la autenticidad de la acusación y sentencia, la celebración del juicio criminal y la convicción del acusado por hechos identificados en tiempo y lugar con los vertidos en su demanda civil. El Tribunal Superior declaró sin lugar la moción de sentencia sumaria, que no fue rebatida en sus méritos; y relevó al demandante de contestar los requerimientos de admisiones en resoluciones sin fundamentar presuntivamente predicadas en la llamada independencia de la acción civil invocada por el demandante al objetar la prueba como inadmisible citando a *Ramírez* v. *Morales*, 69 D.P.R. 703 (1949). La parte demandada ha

recurrido en *certiorari* de las resoluciones denegatorias y expedimos orden para mostrar causa por la que no deban anularse y resolver en su lugar la procedencia de las mociones. [1]

El Art. 2 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 2) dispone: "Cuando la violación de un derecho permita el ejercicio de ambas acciones, la civil y la criminal, el derecho de ejercer la una no impide el derecho de ejercer la otra." Este precepto nos llega de dicho Código aprobado por Ley de 10 de marzo de 1904 en substitución de disposiciones correlativas del Código Penal y de la Ley de Enjuiciamiento Criminal española, en busca de mayor viabilidad procesal para las acciones allí reguladas. *Guzmán* v. *Vidal*, 19 D.P.R. 841 (1913). Es producto del torrente innovador provocado por los sucesos políticos del 1898 y requirió enmienda del concordante Art. 1059 del Código Civil de 1902 ordenando que las obligaciones civiles nacidas de los delitos o faltas se regirán por dicho Código y no por lo dispuesto en el Código Penal como instruía el anterior Art. 1092 del Código Civil Español (31 L.P.R.A. sec. 2995); *Reyes* v. *Aponte*, 60 D.P.R. 890 (1942).

La prohibición del Art. 2 del Enjuiciamiento Civil se limita a negar finalidad de cosa juzgada en la esfera civil, a la sentencia recaída en el juicio criminal. Es alrededor del concepto "impedimento" que se activa la norma al decirse en dicho Artículo que "el derecho de ejercer la una no *impide* el derecho de ejercer la otra." La reconocida "independen-

---

[1] El texto completo de nuestra orden para mostrar causa (junio 10, 1976) es el siguiente:

"Tengan las partes plazo hasta el 30 de julio de 1976 para comparecer a mostrar causa por la que no deba anularse la resolución recurrida y resolver en su lugar que un demandante en un caso civil está impedido de litigar nuevamente hechos que fueron previamente litigados y adjudicados en un procedimiento criminal anterior y que sirvieron de base a la sentencia dictada en aquel caso; o que la evidencia producida en dicho caso criminal es admisible en pleito civil subsiguiente como prueba prima facie de los hechos que sostienen la convicción."

cia" (²) atribuida a ambas acciones se refiere principalmente al resultado final como impedimento de *res judicata,* pero no hace una acción tan extraña a la otra que excluya de la acción civil la presentación en evidencia del pliego acusatorio, fallo y sentencia obtenidos en la causa criminal. La parte para quien resulte adversa dicha prueba tiene derecho a alegar su insuficiencia o a controvertirla con otra evidencia y el juzgador hará su propia estimación de la prueba que podrá o no coincidir con la apreciación de la misma en el juicio criminal.

Conocido en la esfera criminal un hecho que reviste los caracteres de culpa o negligencia, a cuya causa se puso término con sentencia, no queda prejuzgada la responsabilidad civil que del mismo pueda derivarse, ni excluido el pleito civil, toda vez que la anterior sentencia no constituye obstáculo de cosa juzgada. (³) No obstante, puede el juzgador de

---

(²) A pesar de la declarada independencia de ambas acciones, se ha admitido en evidencia en el caso civil la declaración de culpabilidad como admisión del acusado contra su propio interés. Prosser, *infra.* Art. 35, inciso 2, Ley de Evidencia, 32 L.P.R.A. sec. 1678 (2).

Y algunas cortes han aplicado la doctrina de impedimento colateral (*collateral estoppel*) en forma selectiva en cuanto a determinados hechos en controversia. *Newman* v. *Larsen,* 225 Cal. App. 2d 22 (1964); 36 Cal. Reptr. 883 citado en Prosser, *Law of Torts,* Edición 4ª (1971), pág. 8, Nota 50. Otros tribunales, en interesante desarrollo jurisprudencial, han aceptado el fallo en el caso criminal como impedimento absoluto que excluye el pleito civil cuando el delito cometido lo fue para propiciar la reclamación, como ocurre en el caso de quien pega fuego a su propiedad y convicto como incendiario demanda a la aseguradora en cobro de póliza. *Eagle Star & British Dominions Ins. Co.* v. *Heller,* (Virginia) 140 S.E. 314, 320 y ss. (1927).

(³) Puig Brutau describe así el estado procesal en el derecho español: "Terminado el juicio criminal por sentencia absolutoria que no afecte a la misma existencia del hecho enjuiciado, queda libre el ejercicio de la acción civil que corresponda. Puede suceder que un hecho no sea constitutivo de delito o falta y, sin embargo, tal vez se tratará de una acción u omisión en que intervenga culpa o negligencia que obligue a la reparación del daño ocasionado. Aparte del caso de que la sentencia absolutoria dictada en el juicio criminal niegue la existencia del mismo hecho que, en su caso, podría dar lugar a responsabilidad civil, en los demás supuestos la absolución del procesado no prejuzga si los hechos que no han tenido cali-

la causa civil admitir en evidencia dichos documentos y hacer su propia apreciación de toda la prueba dirigida por la premisa fundamental de que, ante la diversa naturaleza y finalidad(⁴) de las acciones que se ejercitan en una causa criminal y en un juicio civil, y la esencial diferencia del grado de culpa o negligencia requerido para sostener un fallo en una y otra, así como los variados factores que pesan en el veredicto cuando el caso se ha visto ante jurado, se impone una nueva e independiente estimación de toda la prueba a la luz de distintas valoraciones jurídicas.

■ Al admitir evidencia(⁵) del fallo recaído en el caso

---

ficación penal pueden tenerla desde el punto de vista civil." Puig Brutau, *Fundamentos de Derecho Civil*, Tomo II, Vol. II, Ed. 1956, págs. 711–12. Castán, citando del Tribunal Supremo de España, abunda en la ausencia de cosa juzgada como razón de la separabilidad entre las acciones, dice: "Abandonada hoy la antigua doctrina que entendía que la prosecución del pleito, después de terminada la causa criminal, atacaba a la cosa juzgada, ha surgido, en la doctrina y la jurisprudencia, una orientación favorable a la independencia de la acción civil, y consiguiente posibilidad de discutir, sin trabas, ante la propia jurisdicción el problema de la responsabilidad pecuniaria." *Derecho Civil Español, Común y Foral*, Tomo 4, Novena Edición (1961), págs. 864–867.

(⁴) Notas distintivas en el criterio diferencial entre el delito penal y el simple delito civil, son:

"1.ª Los delitos penales, a diferencia de los civiles son actos u omisiones castigados con una pena (*punibilidad*). La reacción jurídica, tratándose del delito puramente civil, persigue sólo el resarcimiento, o sea el restablecimiento de las cosas a su primitivo ser y estado. Por el contrario, la reacción jurídica contra el delito penal, presidida por consideraciones de orden ético y social, persigue, no sólo la reparación del daño a quien lo ha sufrido, sino, además y sobre todo, la imposición de una pena.

2.ª Los delitos penales tienen como característica la llamada *tipicidad*, en contraste con la *atipicidad* de los delitos puramente civiles. Mientras que de los primeros no puede hablarse más que cuando se da un hecho que pueda encuadrarse dentro de las hipótesis concretas previstas en la Ley penal, los segundos pueden estar constituidos por cualquier hecho que reúna las condiciones genéricas de ilicitud, culpabilidad y lesividad." (Énfasis en el original.) Castán, *Derecho Civil Español, Común y Foral*, Tomo 4, Novena Ed. (1961), pág. 865.

(⁵) La parte interesada debe presentarlo en evidencia, pues el tribunal no puede tomar conocimiento judicial de procedimientos y actuaciones fuera de autos del pleito que esté ventilando. *Figueroa* v. *Alonso* 57 D.P.R. 500 (1940); *Aponte & Sobrino* v. *Sucn. Pérez*, 48 D.P.R. 449 (1935); *P.R. Fer-*

criminal se acelera la provisión de remedio, se amplía el conjunto de elementos factuales en que ha de basar sus determinaciones el juez de lo civil y se acaba con el sofisma de que ningún valor tienen en el pleito los procedimientos habidos y los hechos determinados en un juicio criminal seguido con el esmero procesal que garantiza nuestra Constitución. Un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración ([6]) no tolera el contrasentido de que una sala deba ignorar por completo los procedimientos habidos en otra sala relativos al mismo hecho litigioso. A tal situación se anticipó la Ley de Evidencia de 9 de marzo de 1905 cuyo Art. 102 (32 L.P.R.A. sec. 1887) incluyó entre las presunciones controvertibles, bajo el Núm. 17, la de que un registro judicial, aunque no fuere concluyente determina o expone con exactitud, los derechos de las partes.

■ Resolvemos que estos autos del caso criminal, acusación o denuncia, fallo y sentencia, son admisibles en evidencia en el pleito civil cuando hay un hecho común que da lugar a ambos procedimientos, y constituirán evidencia prima facie de todo hecho común o relevante a las dos acciones. La norma aquí adoptada preserva la autonomía de la acción dirigida a obtener reparación del daño, obviando los inconvenientes del concepto unitario de culpabilidad en que se confunden el acto ilícito civil y el penal. Esa fue la doctrina in-

---

*tilizer Co.* v. *Corte,* 40 D.P.R. 822 (1939). Esta solución está acorde con el principio adelantado por Roscoe Pound en oposición a la multiplicidad de reglas inflexibles en la minuciosidad de sus detalles: "Todo cuanto se ofrezca en evidencia que lógicamente contribuya a probar un hecho esencial a una reclamación o defensa en el caso, debe ser admitido a menos que su exclusión se requiera por razón bien fundada de norma o de ley." Pound, *Jurisprudence,* Tomo V, pág. 584.

([6]) Art. V—Sec. 2—Constitución del Estado Libre Asociado.

"Los tribunales de Puerto Rico constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración."

Art. 1, Ley de la Judicatura del Estado Libre Asociado (4 L.P.R.A. sec. 1). En Puerto Rico las distinciones jurisdiccionales fueron eliminadas. *Pueblo* v. *Tribunal Superior,* 84 D.P.R. 140 (1961); *Gómez Hnos.* v. *Tribunal Superior,* 100 D.P.R. 625 (1972).

timada por este Tribunal desde el 1913 al declarar que "Én nuestro estado de derecho la acción penal y la civil provenientes de un delito son completamente independientes y nunca pueden ejercitarse *conjuntamente.* Sólo el Fiscal puede ejercitar la acción penal y el ejercicio de la acción civil correspondiente queda reservado a la parte interesada en el juicio que proceda." (Énfasis nuestro.) *Guzmán* v. *Vidal,* 19 D.P.R. 841, 846 (1913); *Reyes* v. *Aponte,* supra, a la pág. 894. Queda asimismo satisfecho el principio rector de solución justa, rápida y económica enunciado en nuestra primera Regla de Procedimiento Civil.

*Se expedirá el auto de certiorari y se anulará la resolución de 11 de marzo de 1976 y en su lugar se ordenará al demandante contestar los requerimientos de admisiones que le ha notificado la parte demandada recurrente. Se confirma la denegación de la moción de sentencia sumaria. Modificada.*