MANUEL VARGAS SEPÚLVEDA *ET AL.*, demandantes y recurridos, *v.* MOLINOS NACIONALES, INC. *ET AL.*, demandados y peticionarios.

*Número:* CE-93-11        *Resuelto:* 15 de diciembre de 1993

*Pedro J. Manzano Yates*, de *Fiddler, González & Rodríguez*, abogado de la parte peticionaria; *Osvaldo Ortiz Medina*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Nos corresponde resolver si el Tribunal Superior erró al asumir jurisdicción sobre una reclamación por alegado discrimen sindical por tratarse de un asunto de la exclusiva jurisdicción de la Junta Nacional de Relaciones del Trabajo.

I

En mayo de 1991 un grupo de ex empleados de Luis Ayala Colón Sucrs., Inc. presentaron ante el Tribunal Superior, Sala de Mayagüez, la demanda del caso que nos ocupa.[1] En síntesis, se alegó en la demanda que a mediados de marzo de 1987 los demandantes se presentaron a trabajar a las facilidades portuarias en Ensenada, Guánica, y se encontraron con los portones cerrados y guardias armados que les impidieron el paso. Se alegó que luego de haber trabajado ininterrumpidamente en los muelles durante aproximadamente veinte (20) años, ese mismo día se les informó que ya *no* trabajaban para la empresa Luis Ayala Colón, Sucrs. Inc., la cual había sido sustituida por Molinos Nacionales de Guánica, Inc.

---

[1] Entre los demandantes figuran unos ex empleados que habían acudido antes al foro federal reclamando una indemnización al amparo del *Age Discrimination in Employment Act* (A.D.E.A.) y la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. secs. 146–151). La acción fue desestimada el 7 de mayo de 1991 por el hecho de que la allí demandada, Molinos Nacionales de Guánica, Inc., nunca fue el patrono de los demandantes.

Los demandantes reclaman una indemnización por despido injustificado, discrimen sindical y falta al deber de justa representación.([2])

Luego de varios trámites procesales, la codemandada, Procesadora de Granos de P.R., Inc.,([3]) presentó una moción mediante la cual solicitó sentencia sumaria el 10 de marzo de 1992. En lo pertinente a la controversia que nos ocupa, alegó que el tribunal carecía de jurisdicción para atender la reclamación por discrimen sindical. La parte demandante se opuso a esta moción y, en síntesis, expuso que su alegación de discrimen sindical procedía de acuerdo con el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141.

El 18 de diciembre de 1992 el tribunal (Hon. Juan Camacho Fabre, Juez) dictó sentencia sumaria parcial mediante la cual desestimó las reclamaciones bajo la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. secs. 146–151) de aquellos codemandantes que fueron parte del pleito federal, aplicando la doctrina de cosa juzgada. En torno al alegado discrimen sindical, el tribunal acogió el planteamiento de la parte demandante, al expresar lo siguiente:

> Advertimos que la reclamación por discrimen sindical se funda en las disposiciones del Artículo 1802 de nuestro Código Civil, situación que compete a este foro. Véase *Concepción Guzmán v. A.F.F.*, 92 D.P.R. 483 (1965), *Guzmán v. Vidal*, 19 D.P.R. 841 (1913); *Zalduondo v. Sánchez*, 15 D.P.R. 231 (1909); *Toro v. Ortiz*, 105 D.P.R. 229 (1976). *Exhibit* II, pág. 3 esc. 1.

Inconforme con lo resuelto, el 19 de enero de 1993 acude ante nos la codemandada Molinos Nacionales de Guánica, Inc. (T/C/P Procesadora de Granos de Puerto Rico, Inc.). En

---

([2]) Los demandantes alegaron ser miembros de la Unión de Trabajadores de Muelles y Ramas Anexas de P.R. (local 2012) de Guánica. Dicha unión figura entre los codemandados.

([3]) Conforme determinó el tribunal, Industrias Avícolas de Puerto Rico, Inc. (T/C/P Pollos Picú) adquirió en 1989 a Molinos Nacionales de Guánica, Inc., una subsidiaria de Continental Grain Co.

apoyo a su Petición de *certiorari*, pág. 5,(⁴) señala el error siguiente:

> ERRO EL HONORABLE TRIBUNAL SUPERIOR AL ASUMIR JURISDICCION SOBRE UNA RECLAMACION POR ALEGADO DISCRIMEN SINDICAL, CUANDO DICHO ASUNTO COMPETE EXCLUSIVAMENTE A LA JUNTA NACIONAL DE RELACIONES DEL TRABAJO (JNRT), SEGUN SE DISPONE EN *RIVERA V. SECURITY NAT. LIFE INS. Co.*, 106 D.P.R. 517 (1977).

El 12 de febrero de 1993 se expidió el recurso solicitado. Ambas partes han comparecido, por lo que estamos en posición de resolver.

## II

La ley federal *Labor Management Relations Act, 1947*, según enmendada, 29 U.S.C. sec. 141 *et seq.*, le reconoce a los empleados el derecho a organizarse y negociar colectivamente, entre otros.(⁵) Como corolario del derecho reconocido a los empleados, en la ley federal se prohíben las prácticas discriminatorias de los patronos (y de las organizaciones obreras) que interfieren con las actividades concertadas y los derechos garantizados a los empleados. A esos efectos, la referida ley dispone lo siguiente:

> "(a)It shall be an unfair labor practice for an employer—
> (1)to interfere with, restrain, or coerce employee in the exercise of the rights guaranteed in section 157 of this title;
>
> . . . . . . . .
>
> (3)*by discrimination in regard to hire or tenure* of employment or any term or condition of employment to encourage or discourage membership in any labor organization: *Provided,*

---

(⁴) El recurso apropiado para la revisión de la sentencia parcial, en este caso, es el de revisión. En realidad se trata de una sentencia final que dispone de las reclamaciones de varias partes en el pleito. El tribunal expresó que no existía razón para posponer el dictamen de ésta y, a su vez, ordenó su registro y archivo. Refiérase a la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Asociación de Propietarios v. Santa Bárbara Co.*, 112 D.P.R. 33, 42 (1982); *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20, 26 (1986), y *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 652 (1987). Por ello, tomado como una Solicitud de revisión, compete a este Foro atender este caso.

(⁵) Refiérase a 29 U.S.C. sec. 157.

That nothing in this subchapter, or in any other statute of the United States, shall preclude an employer from making an agreement with a labor organization (not established, maintained, or assisted by any action defined in this subsection as an unfair labor practice) to require as a condition of employment membership therein on or after the thirtieth day following the beginning of such employment or the effective date of such agreement, whichever is the later, (i) if such labor organization is the representative of the employees as provided in section 159(a) of this title, in the appropriate collective-bargaining unit covered by such agreement when made, and (ii) unless following an election held as provided in section 159(e) of this title within one year preceding the effective date of such agreement, the Board shall have certified that at least a majority of the employees eligible to vote in such election have voted to rescind the authority of such labor organization to make such an agreement: Provided futher, That no employer shall justify any discrimination against an employee for nonmembership in a labor organization (A) if he has reasonable grounds for believing that such membership was not available to the employee on the same terms and conditions generally applicable to other members, or (B) if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership;

(4)to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter .... (Énfasis suplido.) 29 U.S.C. sec. 158(a)(1), (3) y (4).

■ El Art. 10(a) de la ley federal, 29 U.S.C. sec. 160, específicamente le concede jurisdicción exclusiva a la Junta Nacional de Relaciones del Trabajo para atender casos que encierran una práctica ilícita del trabajo.(⁶)

---

(⁶) Esta sección dispone lo siguiente:

"(a)The Board is empowered, as hereinafter provided; to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise: Provided, That the Board is empowered by agreement with any agency of any State or Territory to cede to such agency jurisdiction over any cases in any industry (other than mining, manufacturing, communications, and transportation except where predominantly local in character) even though such cases may involve labor disputes affecting commerce, unless the provision of the State or Territorial statute applicable to the determination of such cases by such agency is inconsistent with the corres-

Véanse, también: *Garner v. Teamsters Union*, 346 U.S. 485 (1953); *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1958); *Belknap, Inc. v. Hale*, 463 U.S. 491, 498 (1983); *Building & Constr. Trades Council v. Assoc. Builders & Contractors, Inc.*, 61 L.W. 4221, 4223 (1993); *United Transp. Union v. U.S.*, 987 F.2d 784, 789 (Cir. D.C. 1993); *Hill v. J.C. Penney, Inc.*, 852 P.2d 1111, 1115 (Wash. 1993); *King v. E.I. Du Pont De Nemours & Co.*, 806 F. Supp. 1030, 1034 (D. Me. 1992), entre otros.

En *Rivera v. Security Nat. Life Ins. Co.*, 106 D.P.R. 517 (1977), resolvimos que un empleado despedido por motivo de sus actividades sindicales, en violación a las Secs. 7 y 8 de la Ley Federal de Relaciones del Trabajo sólo tiene derecho al remedio que le concede la ley referida. Allí reiteramos la norma general del Tribunal Supremo de Estados Unidos de que "un Estado (entiéndase también Puerto Rico) no tiene facultad para intervenir en asuntos que caen bajo la jurisdicción de la Junta Nacional de Relaciones del Trabajo". (Citas omitidas.) Íd., pág. 523. Véase, también, *Pérez Maldonado v. J.R.T.*, 132 D.P.R. 972 (1993).

La Junta Nacional de Relaciones del Trabajo tiene la facultad para declinar asumir jurisdicción, en cuyo caso la Junta de Relaciones del Trabajo de Puerto Rico goza de la facultad para asumirla. Refiérase a D. Fernández y C. Romany, *Derecho Laboral: casos y materiales*, Río Piedras, Ed. U.P.R., 1987, págs. 53–59. Recientemente reiteramos que la Junta de Relaciones del Trabajo de Puerto Rico tiene jurisdicción exclusiva para evitar y remediar prácticas ilícitas de trabajo. Art. 7(a) de la Ley de Relaciones del Trabajo de Puerto Rico, Ley Núm. 130 de 8 de mayo de 1945 (29 L.P.R.A. sec. 68(a)). Véanse, además: *Martínez Rodríguez v. A.E.E.*, 133 D.P.R. 986 (1993), citando a *P.R.T.C. v. Unión Indep. Emp. Telefónicos*, 131 D.P.R. 171

---

ponding provision of this subchapter or has received a construction inconsistent therewith." 28 U.S.C. sec. 160.

(1992); *J.R.T. v. A.C.A.A.*, 107 D.P.R. 84, 89 (1978), y *U.T.I.E.R. v. J.R.T.*, 99 D.P.R. 512, 519 (1970).

■ Cabe señalar que el despido por razón de afiliación sindical se encuentra entre las prácticas ilícitas de nuestra Ley de Relaciones del Trabajo. Específicamente el Art. 8 de la ley dispone lo siguiente:

> (1)Será práctica ilícita de trabajo el que un patrono, actuando individualmente o concertadamente con otros:
>
> . . . . . . . .
>
> (c)Estimule, desaliente o intente estimular o desalentar la matrícula de cualquier organización obrera mediante discriminación al emplear, despedir o en relación con la tenencia de empleo u otros términos o condiciones de empleo, incluyendo un paro patronal; Disponiéndose, que nada de lo aquí contenido prohíbe a un patrono hacer un convenio de afiliación total o de mantenimiento de matrícula con cualquier organización obrera no establecida, mantenida o ayudada por acción alguna definida en este Subcapítulo como práctica ilícita de trabajo, si dicha organización obrera representa una mayoría de los empleados en una unidad apropiada con facultad para la contratación colectiva. 29 L.P.R.A. sec. 69(1) y (c).

### III

En la demanda y en la demanda enmendada de este caso se alegó específicamente que los demandados *"no reclutaron nuevamente* a los demandantes ... por estar éstos afiliados a la Unión de Trabajadores de Muelles y Ramas Anexas de Puerto Rico".([7]) (Énfasis suplido.) *Exhibit* III, pág. 5. Los propios demandantes denominaron tal alegación un "discrimen perjudicial" por sus actividades obreras. Esta alegación describe una práctica ilícita, la cual está sancionada por la Ley Federal de Relaciones del Trabajo.

■ De conformidad con la norma esbozada anteriormente, el discrimen por afiliación sindical, como práctica

---

([7]) Refiérase a la Alegación Núm. 16 de la demanda enmendada.

ilícita del patrono, es una materia de la exclusiva jurisdicción de la Junta Nacional de Relaciones del Trabajo. Corresponde a dicha entidad —*en primera instancia*— pasar juicio sobre la controversia, y sobre si existe o no una práctica ilícita del trabajo. También puede declinar asumir jurisdicción, en cuyo caso la Junta de Relaciones del Trabajo de Puerto Rico puede asumirla.[8] Por ello, erró el tribunal al *no* desestimar dicha reclamación.

Por los fundamentos antes expuestos, *se dictará sentencia modificando la recurrida, y se desestima la reclamación de discrimen sindical por falta de jurisdicción.*

---

[8] Corresponde a la Junta de Relaciones del Trabajo federal determinar en primera instancia si existe o no una relación obrero-patronal.