# 2000 DTA 103

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**

FRANCISCO BELTRAN LABOY
Apelante

v.

MARISABEL SANCEZ LABOY; JUAN DE JESUS RAMOS APONTE Y MERCEDES ALICEA APONTE,
POR SI Y EN REPRESENTACION DE LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR AMBOS
Apelados

Núm. KLAN-99-00594

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, la Juez Ygrí Rivera de Martínez,
el Juez Colón Birriel y la Juez Pesante Martínez

Colón Birriel, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

**I**

Francisco Beltrán Laboy (en adelante el *"apelante"*) acude a este Tribunal inconforme con la Opinión y Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 30 de abril de 1999, archivada en autos copia de su notificación el 11 de mayo del mismo mes y año, en el caso Civil Núm. HDP 1999-0017. Mediante la determinación del foro recurrido se declaró No Ha Lugar la demanda presentada por el apelante y Ha Lugar la reconvención presentada por Marisabel, Sánchez Laboy; Juan De Jesús Ramos Aponte y Mercedes Alicea Aponte, por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos (en adelante los *"demandados"*).

## II

Consideramos pertinente comenzar exponiendo un trasfondo fáctico de los hechos que generaron la controversia ante nuestra consideración.

Entre los días 2 y 3 de abril de 1994, Juan de Jesús Ramos Aponte (en adelante "Ramos Aponte") sufrió la pérdida de una yunta de bueyes (toros castrados) de su propiedad, que le servían en las labores de arado y utilizaba como fuente de ingreso (cobrando unos $80.00 diarios por el alquiler de éstos). No obstante haber denunciado su desaparición a la policía, se lanzó a la tarea de buscarlos en los pueblos de Humacao, Yabucoa, Naguabo, Juncos, San Lorenzo, entre otros pueblos del Distrito de Humacao, conforme recibía confidencias de la compra y venta de ganado.

Luego de cincuenta y tres (53) días de intensa búsqueda, Ramos Aponte logró encontrar, con la ayuda de su amiga Marisabel Sánchez Laboy (en adelante "Marisabel"), la yunta de bueyes desaparecida, en grave estado de deterioro. Como resultado del hallazgo, se generó una investigación policíaca que relacionó al apelante con la desaparición y apropiación ilegal de los referidos animales. Sometido el caso ante la Fiscalía de Humacao, el 3 de junio de 1994, el fiscal Rufo González refirió el caso a otro tribunal, entendiendo que no existía la prueba necesaria para relacionar al apelante con la posesión de los animales en la jurisdicción de Humacao. Así las cosas, trasladada la investigación al municipio de Aguadilla y celebrada la correspondiente vista preliminar, ante el tribunal de dicha municipalidad, se acusó formalmente al apelante, por violación al Artículo 168 del Código Penal, 33 L.P.R.A. 4274 (recibo de bienes apropiados ilegalmente), determinándose causa probable por el delito imputado. Celebrado el juicio en su fondo, el 24 de febrero de 1995, ante el Tribunal Superior de Mayagüez, se absolvió al apelante del delito imputado.

Dichos hechos generaron la presentación de la reclamación que nos ocupa, el 16 de febrero de 1996, mediante la cual el apelante reclamó daños y perjuicios contra Ramos Aponte, su esposa Mercedes Alicea Aponte, la Sociedad Legal de Gananciales compuesta por ambos y Marisabel (en adelante los "demandados"), por haber sido objeto de una acusación criminal, la que, alegadamente, respondía a la persecución maliciosa por parte de los demandados, provocándole angustias mentales y morales, sufrimientos, humillaciones, desprestigio y pérdida del crédito. ■ El 17 de abril del mismo año, los demandados contestaron la demanda negando las imputaciones y, de otro modo, presentando una reconvención en la que alegaron: ■

*"[Q]ue "debido a los actos culposos del demandante..." se vieron privados: "... de utilizar sus bueyes por espacio de cuatro meses..." sufriendo: "... una pérdida de ingresos por la suma de seis mil dólares $6,000.00." Reclamaron también una pérdida de valor por los bueyes estimados en $500.00 y gastos incurridos en procesos judiciales y gestiones para conseguir los bueyes por $10,000.00, y otros $10,000.00 por las angustias mentales y emocionales por la conducta culposa del demandante reconvencionado."*

Finalizada la etapa del descubrimiento de prueba y aprobado el informe sobre conferencia con antelación al juicio, se celebró el juicio en su fondo, el 18 de noviembre de 1998, conforme al cual se declaró No Ha Lugar la demanda y Ha Lugar la reconvención, mediante notificación del archivo en autos de copia de la sentencia de 30 de abril de 1999, el 11 de mayo de 1999.

Inconforme con la determinación, el apelante acude ante este foro señalando la comisión de los siguientes errores:

*"1- Cometió error el Honorable Tribunal de Instancia al readmitir evidencia objetada oportunamente y considerada por el Tribunal Instancia para dictarse sentencia;*

*2- Cometió error el Honorable Tribunal de Instancia al incurrir en pasión, prejuicio parcial contrario a la prueba y los derechos de los Apelantes;*

*3- Cometió error el Honorable Tribunal de Instancia al admitir prueba contrario a derecho;*

*4- Cometió error el Honorable Tribunal de Instancia al declarar sin lugar la demanda y con lugar la reconvención, todo contrario a derecho; y,*

*5- Cometió error el Honorable Tribunal de Instancia al determinar que el Apelante se había robado unos bueyes del Apelado y/o los tenía en su posesión mediante compra a [sabiendas] [sic] de que eran robados."*

Atendido y estudiado el recurso ante nuestra consideración, procedemos a confirmar la sentencia apelada. Veamos.

## III

Por entender que están íntimamente relacionados, procederemos a discutir conjuntamente los cinco señalamientos de error. Veamos. El apelante sostiene que habiendo resultado absuelto en un procedimiento criminal, el Tribunal de Primera Instancia no debió admitir, en el pleito civil, prueba para sostener la reconvención de los apelados, sobre unos hechos ya adjudicados. Alegó que *"[l]a sentencia dictada por el Tribunal Superior, Sala de Mayagüez, constituye un impedimento colateral por sentencia, es cosa juzgada, para ser relitigada por vía de reconvención, en un caso civil."* ■ Sostiene que *"[l]a sentencia de absolución en un caso criminal es impedimento colateral y cosa juzgada para que en un caso civil posterior se relitique y se vuelva a adjudicar los hechos ya planteados."* ■ Por lo que entiende que la sentencia en el pleito civil posterior tiene que ser consistente con las resueltas del pleito criminal anterior. A tales efectos, señala. *"[a]lgunas jurisdicciones sostienen que en un pleito civil, es de aplicación la doctrina de impedimento colateral (collateral estoppel), en forma selectiva, en cuanto a determinados hechos en controversia previamente adjudicados en un fallo en un caso criminal." Toro Lugo v. Ortiz Martínez,* 105 D.P.R. 229, 233-234 (1976), Apostilla Núm. 4. Sin embargo, no se percató que en dicho caso, y otros relacionados, se hace destacar la doctrina aplicable en Puerto Rico para situaciones como las de autos, *Toro Lugo v. Ortiz Martínez, supra,* a la pág. 234:

*Conocido en la esfera criminal un hecho que reviste los caracteres de culpa o negligencia, a cuya causa se puso término con sentencia, **no queda prejuzgada la responsabilidad civil que del mismo pueda derivarse, ni excluido el pleito civil, toda vez que la anterior sentencia no constituye obstáculo de cosa juzgada."* [Enfasis suplido]

El apelante justifica la concesión del remedio solicitado, toda vez que pretende obtener algún beneficio de las alegadas angustias mentales y morales, sufrimiento, humillaciones, desprestigio y pérdida de crédito, ocasionados como consecuencia del pleito criminal anterior, en el cual resultó *"presumiblemente"* favorecido. A tales efectos, merece nuestra atención.*Giménez Alvarez v. Silén Maldonado,* 131 D.P.R. 91, 96 (1992):

*"En numerosas ocasiones hemos reiterado la doctrina de que en nuestra jurisdicción no existe per se la acción civil de daños y perjuicios como consecuencia de un pleito civil. Commonwealth Loan Corp. v. García, 96 D.P.R. 773 (1968); Berríos v. International Gen. Electric, 88 D.P.R. 109 (1963); Pereira v. Hernández, supra; Suárez v. Suárez, 4 7 D.P.R. 9 7 (19 3 4); López de Tord & Zayas v. Molina, 38 D.P.R. 823 (1928). Sin embargo, **a manera de excepción**, hemos reconocido la procedencia de una acción de daños y perjuicios por persecución maliciosa **cuando los hechos del caso revelan circunstancias extremas en que se acosa al demandante con pleitos injustificados e instituidos maliciosamente."* [Enfasis suplido]

Ciertamente, y a manera de excepción, la vía judicial civil reconoce una causa de acción en daños y perjuicios por persecución maliciosa cuando existen circunstancias extremas en las que se acosa al demandante con pleitos injustificados e instituidos maliciosamente. *Ocasio v. Alcalde Mun. de Maunabo,* 121 D.P.R. 37, 59 (1988). Para ello es necesario que concurran varios requisitos, *Fonseca v. Oyola,* 77 D.P.R. 525, 528 (1954), a saber:

*"a) que el demandado, en el pleito por persecución maliciosa, haya comenzado o continuado previamente una acción civil o un proceso criminal en contra del demandante;*

*b) que dicha acción civil o proceso criminal previo se incoara maliciosamente;*

*c) que la persona enjuiciada resultare absuelta o sin necesidad de responder civilmente;*

*d) que la persona procesada hubiera sufrido daños a consecuencia de la acción civil o proceso criminal incoado en su contra."*

En el caso que nos ocupa, no reconocemos justificación alguna para aplicar la excepción a la norma general referida. Una vez el foro recurrido tuvo ante su consideración la reclamación del apelante, sobre persecución maliciosa, y la declaró No Ha Lugar, dilucidó, tácitamente, la inexistencia de motivación o intención maliciosa alguna. Es decir, concluyó que la actuación de los apelados no era constitutiva de la malicia requerida para satisfacer las exigencias e incoar acertadamente una acción por persecución maliciosa. Evaluación que este Tribunal considera plenamente correcta.

De otro modo, si a través del presente procedimiento civil, el aquí apelante, pretendia instar una acción por difamación, cosa que dudamos, ciertamente, los privilegios e inmunidades creados y reconocidos para lograr que se protejan y adelanten otros intereses sociales e individuales de mayor importancia prevalecerían por sobre el posible daño a la reputación de la persona afectada (conforme a lo que no sería compensable un daño que surge como consecuencia de lo expresado en el transcurso de un procedimiento judicial, a través de las alegaciones, declaraciones juradas o en corte abierta). *Giménez Alvarez v. Silén Maldonado, supra,* a las págs. 98-99

El apelante aduce, además, que el foro apelado incurrió en pasión, prejuicio y parcialidad, fundamentando su posición en la forma y manera en el que el distinguido foro comienza a elaborar su sentencia dispositiva *"con unas expresiones y frases extrañas a la controversia en autos, ... contra el derecho del Apelante."* *"[E]mpieza su párrafo introductorio plasmando sus emociones, afinidad, sentimientos y [subjetividad] [sic]. al caso de autos."* *"No habla de la demanda radicada por el Apelante y sí una relación de hechos amalgamada de las versiones inadmisibles de la parte Apelada."* Al apelante tampoco le asiste la razón en dicha contención.

Por un lado, si el apelante entendía propio y necesario solicitar la inhibición o recusación del juez sentenciador, por entender que tenía interés en el resultado, prejuicio hacia su persona o parcialidad a favor de los apelados, tenía a su alcance el uso de la Regla 63.1 (a) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, y no lo hizo. De otro lado, si lo que interesaba era que el foro sentenciador fuera más específico en torno a las razones que tuvo a bien considerar para declarar No Ha Lugar su reclamación, el mecanismo adecuado para solucionar su inquietud debió ser el uso de la Regla 43.3 de las de Procedimiento Civil, *supra,* conforme a la cual el foro apelado habría estado en la necesidad de realizar determinaciones adicionales, haciéndolas constar por escrito. Cosa que el apelante tampoco hizo. Obviamente, el tiempo transcurrido, desde que se produjo el archivo en autos de copia de la notificación de la sentencia, no hacen al apelante acreedor de cualquiera de los referidas vías procesales, por lo que este Tribunal no se encuentra en posición de conceder o pasar juicio sobre tales señalamientos.

Entendemos que el apelante falló en su intento de demostrar la presencia de circunstancias extraordinarias que nos muevan a intervenir al respecto. *Pérez Cruz v. Hosp. La Concepción,* 115 D.P.R. 721, 728 (1984). Creemos improcedente reclamar error de una sentencia de la cual se apela, justificada en el hecho de que no se resultó favorecido con la determinación del foro apelado.

Finalmente, según dispuesto por la Regla 11.1 de las de Procedimiento Civil, *supra:*

*"Una alegación contendrá por vía de reconvención cualquier reclamación que la parte que la formula tenga contra cualquier parte adversa al momento de notificar dicha alegación, siempre que surja del acto, omisión o evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción. Sin embargo, no será necesario incluir dicha reclamación mediante reconvención, si al momento de comenzarse el pleito tal reclamación era ya objeto de otro pleito pendiente."*

Indudablemente, no erró el foro sentenciador cuando dispuso, copulativamente, de las reclamaciones hechas por el apelante y los demandados. Conforme lo dispuesto por nuestro Tribunal Supremo en *Neca v. A & W Developers,* Op. de 7 de febrero de 1995, **95 J.T.S. 10**, a la pág. 602, siempre que surge una reclamación judicial, la parte adversa (contra la cual se presentó la reclamación inicial), al momento de su contestación, tiene que presentar, compulsoriamente, cualquier reclamación que tenga en contra de la parte demandante, mediante reconvención, siempre que ésta surja de la acción u omisión, o evento que motiva la reclamación de la parte demandante. Allí, el Tribunal indicó:

*"El propósito de esta regla es evitar la multiplicidad de litigios al establecer un mecanismo para dilucidar todas las controversias comunes en una sola acción. [Citas omitidas] Si una reconvención [compulsoria] [sic] no se formula a tiempo, se renuncia la causa de acción que la motiva, y quedarán totalmente adjudicados los hechos y reclamaciones sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos. [Citas omitidas] Le será aplicable, por analogía, el principio de cosa juzgada, al efecto de que será concluyente en relación a aquellos asuntos que pudieron haber sido planteados y no lo fueron". [Citas omitidas]*

Como sabemos, un tribunal apelativo no podrá alterar las determinaciones de un tribunal de menor jerarquía a no ser que éstas sean claramente erróneas. Regla 43.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. En *Pérez Cruz v. Hosp. La Concepción,* 115 D.P.R. 721 (1984), reiterado en *Sánchez Rodríguez v. López Jiménez,* 116 D.P.R. 172, 181 (1985), se indicó:

*"En ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio o parcialidad o error manifiesto nos abstendremos de intervenir en cuanto al trasfondo fáctico".*

En consideración a lo antes expuesto, no encontramos razones que justifiquen alterar las determinaciones realizadas por el foro recurrido y, con ello, aceptar la posición de los apelantes; los errores aquí discutidos no fueron cometidos.

En torno al último señalamiento de error, debemos destacar que si bien en el procedimiento criminal el tribunal no encontró al apelante culpable del delito por el cual se le procesó, la sentencia recaída, en ninguna forma, dispuso en forma final sobre el hecho de si el apelante se había o no apropiado de los bueyes, si los tuvo o no en su posesión, si los vendió o no y mucho menos si lo hizo o dejó de hacer a sabiendas de que habían sido apropiados ilegalmente. Lo que el fallo de culpabilidad estableció, en aquella ocasión, fue que la culpabilidad sobre los hechos allí imputados (Artículo 168 del Código Penal, 33 L.P.R.A. sec. 4274) **no se pudo establecer más allá de duda razonable**. Nos explicamos.

Como principio general [de Derecho], las determinaciones de hechos se hacen en casos civiles a base de la preponderancia de la prueba (Regla 10(F) de Evidencia) y en casos criminales se requiere que la culpabilidad se pruebe más allá de duda razonable (Regla 110 de Procedimiento Criminal). [...] El criterio de preponderancia de la prueba es adecuado para dirimir conflictos entre ciudadanos, las más de las veces centrados en consideraciones económicas. [...]Aún en casos civiles, en ocasiones se han establecido requisitos más exigentes que la mera preponderancia de la prueba para establecer un hecho.[...]

En atención a esos principios el Tribunal Supremo reconoció la existencia de tres criterios de prueba para diferentes clases de acciones. Expresó que *"[e]n un extremo está el típico caso civil sobre una disputa monetaria entre partes privadas. Como la sociedad tiene un interés mínimo en el resultado de tales pleitos privados, la obligación del demandante de probar su caso se cumple mediante una mera preponderancia de la prueba. Los litigantes comparten así, por igual, el riesgo de error". [Citando a Addington v. Texas, 441 U.S. 418, 423 (1979).] "En casos penales --continuó diciendo el Tribunal-- los intereses del acusado son de tal magnitud que históricamente y sin necesidad de un requerimiento constitucional explícito han sido protegidos por criterios de prueba diseñados para excluir, en cuanto sea posible, que se produzca un fallo erróneo. En la administración de la justicia criminal, la sociedad impone casi todo el riesgo de error sobre sí misma. Ello se cumple requiriendo*

*bajo la Cláusula del Debido Proceso que el Estado pruebe la culpabilidad del acusado, más allá de duda razonable." P.P.D. v. Admor. Gen. De Elecciones,* 111 D.P.R. 199, 222-224 (1981).

En el caso de autos, la absolución en el proceso criminal obedeció a que no se determinó que el acusado recibió bienes apropiados ilegalmente, pues existía, cuando menos, una duda razonable en torno a los hechos imputados. Esa absolución sólo respondió a que la prueba del Pueblo no fue lo suficiente como para establecer los elementos del delito allí imputado más allá de duda razonable, pero bajo ningún concepto implica que esa prueba no ha de ser suficiente para establecer esos mismos hechos (u otros análogos) por preponderancia de la prueba aunque, como sabemos, es un estándar menos riguroso. Cf. *Román v. Fatah,* 109 D.P.R. 493 (1979).

Es preciso distinguir cuando media una determinación de **culpabilidad** en un caso criminal o cuando se ha rechazado una reclamación mediante acción civil, procedimientos generados por los mismos hechos, pues queda concluida toda disputa sobre dichos hechos, habiéndose satisfecho el peso de la prueba en las circunstancias más favorables a la parte que intenta insistir en la controversia. Cf. *Román v. Fatah, supra.* Dicho de otra forma, el acusado **a quien se le demostró la culpabilidad más allá de duda razonable**, no puede controvertir nuevamente los mismos hechos en un procedimiento donde sólo se le requerirá el *quántum* de la *"preponderancia de la prueba"*.

De otro modo, un demandante cuya prueba no pudo preponderar sobre la contraria para establecer los hechos en cuestión, difícilmente podría establecerlos bajo el *quántum* de *"más allá de duda razonable"*, Cf. *Román v. Fatah, supra,* mas ello no constituye el 100% de los casos. Ciertamente, en el caso que nos ocupa, la reclamación vía reconvención no perseguía el propósito de demostrar que el apelante recibió bienes apropiados ilegalmente, pues esa controversia ya había sido adjudicada en un procedimiento criminal previo. Sin, embargo, en la reconvención, por la vía civil, los demandados pretendían recobrar los daños sufridos por el no uso de una yunta de bueyes, la pérdida de ingresos provocada por la desaparición de los referidos animales y los gastos incurridos por los demandados para recuperarlos, todo ello como consecuencia e intervención directa de los actos del apelante. Difícilmente el apelante pudo convencer al foro recurrido de no haber sido, cuando menos, parcialmente responsable de los hechos reclamados vía la reconvención, cuando él mismo admitió *"comprar"* y *"vender"* los bueyes objeto de la presente controversia, Exposición Narrativa de la Prueba, a las págs. 16-33.

En mérito a lo expuesto, confirmamos la sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao el 30 de abril de 1999.

Así lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General