Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ALEXANDER SANTANA MARRERO; DINORAH BURGOS LUCCIONI y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Recurridos<br><br>v.<br><br>HOSPITAL ESPAÑOL AUXILIO MUTUO<br><br>Peticionario | KLCE202400040 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2023CV04982<br><br>Sobre:<br>Represalias, Ley Núm. 115 de 20 de diciembre de 1991; Despido Injustificado, Ley Núm. 80 de 30 de marzo de 1976 |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de marzo de 2024.

Comparece ante nos Hospital Español Auxilio Mutuo (Hospital o peticionario) mediante recurso de *Certiorari* en el que solicita se revoque la *Resolución* emitida el 12 de diciembre de 2023- y notificada el día 13- por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Por virtud de esta, se declaró *No Ha Lugar* la *Moción de Desestimación* que por falta de jurisdicción sobre la materia sometió el Hospital en el caso.

Examinado el expediente ante nuestra consideración, y en virtud del derecho aplicable que más adelante consignaremos, denegamos la expedición del auto de *Certiorari* solicitado.

-I-

El 24 de mayo de 2023, el Sr. Alexander Santana Marrero (en adelante, Santana), la Sra. Dinorah Burgos Luccioni (en adelante, Burgos) y

la Sociedad Legal de Gananciales compuesta por ambos (en conjunto denominados como Santana-Burgos o los recurridos) presentaron una *Demanda* al amparo de la ley, mejor conocida como, *Ley de Represalias contra el Empleado por Ofrecer Testimonio*[1] y la Ley Núm. 80 de 30 de Mayo de 1976, según enmendada, conocida como "Ley Sobre Despidos Injustificados".[2] En esta, Santana indicó que comenzó a trabajar para el Hospital en el mes de julio del año 2002 y ser miembro de la Unidad Laboral de Enfermeros y Empleados de la Salud (en adelante, ULEES), quien le representa sindicalmente ante su patrono; el Hospital. Asimismo, se alegó que el 22 de agosto de 2022 fue despedido y que, por los hechos allí relatados, su despido fue improcedente. Específicamente, se reclamó que, contrario a lo afirmado por el Hospital, su despido no se debía a una alegada violación al Health Insurance Portabilty and Accountability Act of 1996 (en adelante, Ley HIPAA), sino que el mismo fue un acto en represalias por su participación en calidad de testigo en la querella número Q-22-03-004 presentada el 21 de marzo de 2022, por la ULEES ante el Departamento de Salud y contra el Hospital.

El 22 de junio de 2023, el Hospital presentó una *Moción de Desestimación* al amparo de la Regla 10.2(1) de Procedimiento Civil por falta de jurisdicción sobre la materia. En esta, alegó que la *Demanda* está fundamentada con hechos que se encuentran bajo la exclusiva jurisdicción del National Labor Relations Board (en adelante, NLRB). De acuerdo con el Hospital, las alegaciones de la *Demanda* se basan en un despido injustificado y represalias por conductas que <u>son o podrían ser actos de práctica ilícita</u> bajo el National Labor Relations Act, según enmendada por el Labor Management Relations Act of 1947, conocida como la Ley Taft-Hartley, 29 USCA sec. 141 *et seq.* (en adelante, Ley Taft-Hartley).

---

[1] Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29 LPRA sec. 194, *et seq.*
[2] 29 LPRA sec. 185a *et seq.*

El 3 de agosto de 2023, los recurridos se opusieron a la moción dispositiva presentada. Al así hacer, expusieron que las alegaciones de la demanda revelan que la intervención de Santana no tuvo como propósito ayudar o proteger los intereses de los miembros del sindicato, según definido por la Ley Taft Harley, por lo que negaron la aplicación de la doctrina de campo ocupado frente las causas de acción que instó en el pleito.

Sobre este asunto, el Hospital presentó *Réplica a Oposición a Moción de Desestimación,* mientras, los recurridos presentaron una *Dúplica a Moción de Solicitud de Desestimación.* Evaluadas las posiciones de las partes, el TPI emitió una *Resolución* en la cual determinó *No Ha Lugar* a la *Moción de Desestimación* presentada por el Hospital. Específicamente, al resolver, el foro primario determinó como a continuación transcribimos:

> Es forzoso concluir que surgen suficientes hechos y alegaciones que, en esta etapa de los procedimientos, demuestran que las causas de acción de Santana-Burgos presentan la interrogante de si el Hospital violentó las disposiciones de la Ley Núm. 80-1976 y la Ley Núm. 115-1991 al despedir a Santana. Por otro lado, no surge de las alegaciones que la querella presentada por la ULEES ante el Departamento de Salud contra el Hospital estaba de alguna manera dirigida a alentar una negociación colectiva o a procurar ayuda mutua o protección a los empleados unionados.
>
> […] Así, pues, la reclamación de Santana-Burgos no está fundamentada en violaciones a las Secciones 7 y 8 del NLRA, *supra,* sino en violaciones a la Ley Sobre Despidos Injustificados y la Ley de Represalias contra el Empleado por Ofrecer Testimonio.
>
> Contrario a lo reclamado por el Hospital, no surge de los hechos bien alegados en la Demanda que Santana estuviera participando en una actividad que pueda colegirse y/o negociar colectivamente – actividad que recae bajo la exclusiva jurisdicción del NLRB.

Inconforme, el Hospital presentó ante este Tribunal de Apelaciones el recurso de epígrafe, en el cual enunció el siguiente señalamiento de error:

> ERROR: Erró el Honorable Tribunal de Primera Instancia al denegar la *Moción de Desestimación* del Hospital debido que la reclamación es de la jurisdicción exclusiva de la Junta Nacional Relaciones del Trabajo.

Ante el recurso, los recurridos presentaron una *Moción de Solicitud de Desestimación* en la que señalaron que el apéndice sometido por el

Hospital al someter su recurso estaba incompleto por no incluirse varios anejos de una moción que forma parte de este. Asimismo, reclamaron que dicha omisión, por la naturaleza de los documentos, causaba un perjuicio sustancial, pues impedía la revisión judicial en los méritos de la controversia. El Hospital se opuso a la desestimación peticionada y solicitó autorización para suplementar el Apéndice, sometiendo los documentos que no había incluido. El 30 de enero de 2024, emitimos *Resolución* en la que denegamos la solicitud de desestimación y autorizamos al Hospital a suplementar el apéndice. El 20 de febrero del año en curso, comparecieron los recurridos mediante *Alegato de la parte recurrida*.

Con el beneficio de la comparecencia de las partes, damos por sometido el asunto y estando listos para resolver, así lo hacemos.

**-II-**

*-A-*

El vehículo procesal de *Certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Sin embargo, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *Certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil

Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019).  La mencionada Regla dispone que solo se expedirá un recurso de C*ertiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *Injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*.

Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;

(2) en asuntos relacionados a privilegios evidenciarios;

(3) en casos de anotaciones de rebeldía;

(4) en casos de relaciones de familia;

(5) en casos revestidos de interés público; o

(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.

McNeil Healthcare v. Mun. Las Piedras I, *supra*.

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros. McNeil Healthcare v. Mun. Las Piedras I, *supra*, a la pág. 404; 800 Ponce de León v. AIG, *supra*.  Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a considerar al evaluar si se debe o no expedir un recurso de *Certiorari.* A saber:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema;

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.;

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio;

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Así, los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. de Caguas v. JRO Construction, *supra*.

*-B-*

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) Falta de jurisdicción sobre la materia.
(2) Falta de jurisdicción sobre la persona.
(3) Insuficiencia del emplazamiento.
(4) Insuficiencia del diligenciamiento del emplazamiento.
(5) Dejar de exponer una reclamación que justifique la concesión de un remedio.
(6) Dejar de acumular una parte indispensable. *Íd.*

Al respecto, el más alto foro ha expresado que, al resolverse una moción de desestimación por el fundamento de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, "[e]l tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". Aut. Tierras v. Moreno & Ruiz Dev. Corp., 174 DPR 409, 428, (2008); Colón v. Lotería, 167 DPR 625, (2006). Además, deberá identificar los elementos que establecen la causa de acción y las meras

alegaciones concluyentes que no pueden presumirse como ciertas. Hernández Colón op. cit., pág. 268; Ashcroft v. Global, 556 US 662 (2009); Bell Atlantic Corp. v. Twombly, 550 US 544 (2007).

Cónsono con lo anterior las alegaciones en la demanda se tienen que interpretar "[c]onjuntamente, liberalmente y de la forma más favorable posible para la parte demandante" Cruz Pérez v. Roldán Rodríguez et al., 206 DPR 261(2021); López García v. López García, 200 DPR 50, 69 (2018). En ese sentido, la demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. López García v. López García, *Íd*.

Luego de brindarle veracidad a las alegaciones, el tribunal deberá determinar si a base de éstas, la demanda establece una reclamación plausible que justifique la concesión de un remedio al demandante a la luz de la norma establecida en Bell Atlantic Corp. v. Twombly, *supra*. Realizado el análisis de las alegaciones, de entender que los hechos alegados "[n]o cumplen con el estándar de plausibilidad, el tribunal debe desestimar la demanda". R. Hernández Colón, op. cit.; Ashcroft v. Global, *supra*; Bell Atlantic Corp. v. Twombly, *supra*. El propósito de la doctrina es evitar "[q]ue una demanda insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba pueden probarse las alegaciones conclusorias". R. Hernández Colón, op. cit.; J.A. Cuevas Segarra, Tratado de Derecho Civil, 2da ed., San Juan, Pubs. JTS, 2011, Tomo II, pág. 529.

*-C-*

La Ley federal "Labor Management Relations Act of 1974" conocida como la Ley Taft-Hartley, 29 USCA sec. 141 *et seq*. (en adelante Ley Taft-Hartley), establece el derecho de los trabajadores a organizarse y a negociar *colectivamente* con su patrono **sobre asuntos relativos al empleo**. González v. Mayagüez Resort & Casino, 176 DPR 848, 857 (2009) (Énfasis Nuestro). Es decir, la legislación otorga a los trabajadores el derecho de

**adelantar sus intereses** colectivamente e implantar el seguimiento de normas para optimizar sus condiciones de trabajo. *Íd.* La Sección 157 de la Ley Taft-Hartley dispone lo siguiente:

> Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities **for the purpose of collective bargaining or other mutual aid or protection**, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in labor organization as a condition of employment as authorized in section 158(a)(3) of this title. (Énfasis suplido)

En síntesis, la Ley Taft-Hartley , *supra,* protege los derechos de los empleados a organizarse, afiliarse o ayudar a organizaciones obreras y a dedicarse a otras actividades concertadas con el propósito de negociar colectivamente u otro fin de ayuda o protección mutua. Esta en su sección 158 dispone qué se considerará como una práctica desleal o ilícita las siguientes acciones:

> (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of the title,
>
> (2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it: *Provided*, That subject to rules and regulations made and published by the Board pursuant to section 156 of this title, an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay;
>
> […]
>
> (4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter.

De esa manera, la referida Sección 158 prohíbe a los empleadores llevar a cabo ciertas "prácticas ilícitas de trabajo" como despedir a un empleado por radicar cargos, suministrar información o testificar en su contra. Con el propósito de poner en vigor lo anterior, el Congreso creó la Junta Nacional de Relaciones del Trabajo conocida como National Labor Relations Board (en adelante Junta National). 29 USCA sec. 153.

Conforme a la Sección 160 (a) de la Ley Taft-Hartley, la Junta Nacional tiene jurisdicción exclusiva para atender y resolver controversias

o reclamos que incidan en una práctica ilícita del trabajo. 29 USCA sec. 160 (a); Garner v. Tamsters Union, 346 US 485 (1953); San Diego Unions v. Garmon, 359 US 236 (1959); Belknap, Inc. v. Hale, 463 US 491 (1983) (Énfasis Nuestro). Dicho de otra manera, la jurisdicción exclusiva de la Junta Nacional aplica en casos donde la actividad se encuentre regulada por las Secciones 157 y 158 de la Ley Taft-Hartley.

La jurisprudencia ha reconocido que se aplica la doctrina de campo ocupado, conocida como doctrina de desplazamiento o "preemption", a las prácticas ilícitas del trabajo enumeradas en la referida Sección 158. Machinist v. Wisconsin Emp. Rel. Comm´n, 427 US 132 (1976); San Diego Unions v. Garmon, *supra*. Esta doctrina *s*urge de la Cláusula de Supremacía de la Constitución de los Estados Unidos la cual establece que, cuando una ley estatal entra en conflicto con una ley federal, la federal prevalece sobre la estatal. Art. VI, Sec. 2, Const. EE. UU., LPRA, Tomo 1. Por lo tanto, Puerto Rico no tienen facultad para intervenir en los asuntos que se encuentran bajo la jurisdicción exclusiva de la Junta Nacional. González v. Mayagüez Resort & Casino, *supra*; Díaz Arroyo v. Hosp. Dr. Susoni, 169 DPR 53 (2006), opinión de conformidad de la Juez Asociada Rodríguez Rodríguez; Vargas v. Molinos Nacionales, Inc., 134 DPR 919 (1993); Rivera v. Security Nat. Life Ins. Co., 106 DPR 517 (1977).

Sin embargo, la Ley Taft-Hartley no contempla con precisión y claridad los escenarios donde los estados pueden ejercer jurisdicción. Para ello, el Tribunal Supremo de Estados Unidos ha identificado dos categorías en la cual hay campo ocupado:

> Primero, aquellos casos donde es evidente, o parece serlo, que las actividades que el estado pretende reglamentar están protegidas por la Sec. [157 de la Ley Taft-Hartley], o cuando la actividad en cuestión está prohibida por la Sec. [158 de la Ley Taft-Harley]. Segundo, en situaciones en las que se entiende que la acción estatal puede incidir o confligir con la política laboral federal referente la estructura misma de [la Ley Taft-Hartley]. Díaz Arroyo v. Hosp. Dr. Susoni, *supra*, pág. 64. (Citas omitidas)

Mientras el Tribunal Supremo de Puerto Rico, en González v. Mayagüez Resort & Casino, *supra*, pág. 862, al interpretar esta norma, señaló que "[p]ara determinar si un tribunal local puede adjudicar una controversia bajo esta ley hay que examinar si la controversia es idéntica o diferente de la que ha podido ser presentada ante la Junta. Además, explicó que "[p]recisamente cuando la conducta alegada está sujeta a ser sancionada por la Ley Taft-Hartley es que opera la doctrina de jurisdicción exclusiva de la Junta". *Íd*. No obstante, "[p]recisa destacar que el análisis de desplazamiento se efectúa tomando en consideración el *tipo de conducta involucrada y no la naturaleza del remedio solicitado.*" *Íd*. citando a Díaz Arroyo v. Hosp. Dr. Susoni, *supra*, pág. 64. (Énfasis en el original).

**-III-**

Previo a atender la controversia planteada ante nuestra consideración, debemos señalar que, recurriéndose de la denegatoria de una moción de carácter dispositivo, estamos facultados, conforme a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, para revisar esta determinación mediante un recurso de *Certiorari*. En este, el Hospital aduce que erró el TPI al denegar una *Moción de Desestimación* bajo la regla 10.2(1) de Procedimiento Civil, *supra.* A tales efectos, en síntesis, alega que el foro primario no tiene autoridad para atender la reclamación de un empleado que solicita remedio bajo legislación estatal debido a que es jurisdicción exclusiva de la Junta Nacional.

Luego de examinar detenidamente los reclamos del Hospital y evaluar detenidamente los pormenores de la controversia, no identificamos presente alguno de aquellos factores enunciados en la Regla 40 de nuestro Reglamento para determinar la expedición del auto discrecional del *certiorari*. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI o que

la expedición del auto evite el fracaso de la justicia, mereciendo, pues, nuestro respeto.

**-IV-**

Por todo lo antes consignado, denegamos expedir el auto de *certiorari* solicitado por el Hospital Español Auxilio mutuo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones